(No. 37807.—

H. EDWARD REEVE *et al.*, Appellees, *vs.* THE VILLAGE OF GLENVIEW, Appellant.

*Opinion filed Nov. 26, 1963.—Rehearing denied Jan. 20, 1964.*

ROBERT J. DOWNING, of Chicago, (ROBERT G. LUSSIER and RASKIN & DOWNING, of counsel,) for appellant.

KIRKLAND, ELLIS, HODSON, CHAFFETZ & MASTERS, and PAUL GENDEL, both of Chicago, (VERNON M. WELSH and FRANK L. WINTER, of counsel,) for appellees.

Mr. JUSTICE HERSHEY delivered the opinion of the court:

Plaintiffs brought suit in the circuit court of Cook County to restrain the village of Glenview from enforcing the "A-3, ⅓ Acre Residence District" zoning classification of lots 4, 5, 6 and 7 in block 1 of George F. Nixon Company's North Shore Preserve Subdivision in such village.

Lots 4, 5, 6 and 7 are unimproved real estate located on the south side of an east and west street named Glenview Road in the village of Glenview, between Arbor Lane on the east and Harms Road on the west. To the immediate west of lot 4 are lots 2 and 3 (not herein involved) which are zoned (but never improved) for neighborhood business uses. The lots here involved have never been used and contain many trees and a thick growth of brush. Lots 4, 5 and 6 are each 25 feet frontage by 100 feet deep and lot 7 is 49.07 feet by 100 feet deep.

The surrounding area is all single-family residence. To the west on the southeast corner of Glenview and Harms roads is lot 1 used as a Standard Oil service station. Lots 2 and 3 are each 25 feet by 100 feet and, while zoned for neighborhood business uses, never have been used. At the northeast corner of Harms and Glenview roads is a Sinclair service station, an unused 20-foot strip of land and a single-family residence. The neighborhood west to Waukegan Road and north and south of the subject property to the village limits is zoned "A-3, ⅓ Acre Residence" under the Glenview zoning ordinance, except for the service stations, the 20-foot strip and lots 2 and 3 in block 1 above mentioned. To the east of the subject property are three nonconforming business uses; 1 to 2 blocks to the east on the north side of Glenview Road is a neighborhood farm

store, and 4 blocks to the east are two real-estate offices. Approximately one-half mile to the north is a nonconforming use restaurant. The subject property formerly was zoned "C-Neighborhood Business," but was changed by amendment in 1953 to residential after public notice and hearing.

The master, after hearing evidence, recommended a decree in accordance with the complaint to enjoin enforcing the "A-3, ⅓ Acre Residence District" classification. Thereafter, the chancellor, on hearing the exceptions to the master's report, granted leave to plaintiffs to file an amended complaint. Plaintiffs filed an amendment to the complaint praying the village of Glenview be restrained from enforcing that part of the zoning ordinance which restricts use of the subject property to single-family residential and that Glenview be enjoined from interfering with plaintiffs' use of the property for the uses permitted under "C" neighborhood business district classification of the ordinance. On the prior evidence, the master filed a report for decree in accordance with the prayer of plaintiffs' complaint, as amended. Decree was entered finding that the April 20, 1953, amendment to the Glenview ordinance was unreasonable, void and unenforceable, and the property remained subject to the original zoning "C Neighborhood Business." Thus, the village was enjoined.

Plaintiffs had advanced all of the master's fees of $1574. In the decree, the court granted plaintiffs judgment for only one-half of the costs, including master's fees and charges. Plaintiffs filed cross-appeal from that portion of the decree and ask to reverse that portion of the decree and remand with directions to enter a judgment against defendant for the entire amount of plaintiffs' costs.

Defendant-appellant's theory is that the record shows the zoning classification valid, that plaintiffs have failed to present clear and convincing evidence sufficient to show that the residential zoning of the neighborhood is confiscatory,

arbitrary, discriminatory, unreasonable or void, or that the repeal of the prior business use zoning is invalid, and that the trial court erred in disrupting the zoning classification established by the local legislative authority.

It is plaintiffs' theory that the "A-3" residential classification of the subject property is arbitrary, unreasonable, confiscatory and therefore void, that the highest and best use of these lots is for some kind of neighborhood business and that the record fully supports the decree restraining the village from interfering with such uses. Also, plaintiffs contend the equities were all with the plaintiffs, so all costs should have been adjudged against defendants.

This court has jurisdiction of this case—the validity of a municipal zoning ordinance being involved and the trial judge having certified that the public interest requires a direct appeal to this court.

The evidence shows that the area surrounding subject property is residential. Except for a small portion zoned for business uses, the ordinance has designated this large area as a single-family district. The evidence further shows it has been developed according to this plan. Twenty-one new residence permits were issued for lots on Glenview Road from October 14, 1959, to July 28, 1961. Prior to commencing this suit, plaintiffs filed with the village of Glenview a petition to rezone the subject property to "C-Neighborhood Business." The zoning board of appeals recommended the petition be denied and the village board thereafter concurred in this recommendation and denied the petition.

Under the present zoning, plaintiffs may build only single-family residences on the property.

The testimony was in conflict. Plaintiffs' witness Krahnenberg, a zoning consultant, testified the area is residential in character but that it should be zoned for neighborhood business to fill the need for such facility. Witness Carl L. Gardner, an expert on city planning and zoning, testified

that the area is single-family but that in his opinion the highest and best use would come under the uses permitted under the "C" business district of the zoning ordinance. Defendant's expert witness, Dean A. Buckmaster, a real-estate broker and appraiser for 30 years, testified that the highest and best use is single-family residential; that a neighborhood business use would have a detrimental effect on surrounding property. Defendant's witnesses Eugene Baughman, a city planner and zoning consultant, and Harwood F. Rupp, a partner in a firm engaged in city planning, both testified the highest and best use was single-family residences.

In this state of the record we have always considered as important the consideration of the character of the neighborhood. In *Jacobson* v. *City of Evanston* (1956) 10 Ill.2d 61, 70, we said: "This court has also always considered of paramount importance the question of whether the subject property is zoned in conformity with surrounding existing uses and whether those uses are uniform and established. (*First Nat. Bank of Lake Forest* v. *County of Lake,* 7 Ill.2d 213, * * *.)"

The plaintiffs failed to prove that the zoning restrictions in question are unreasonable or arbitrary. One assailing the validity of a zoning ordinance has the burden of proving by clear and convincing evidence that it is arbitrary and unreasonable. (*Honeck* v. *County of Cook,* 12 Ill.2d 257; *Skrysak* v. *Village of Mount Prospect,* 13 Ill.2d 329.) Plaintiffs' testimony was to the effect that there was a need for some neighborhood business. Nowhere in the evidence was there any definite testimony as to this need or just what business was needed or contemplated. Plaintiffs failure to offer any plan of development of the property or to show to just what use the property was to be put leaves this court without any relevant substantial evidence to justify overthrowing the carefully conceived efforts of the municipal authorities to zone their village. (*People ex rel. Miller* v. *Gill,* 38

Ill. 394.) The mere fact that plaintiffs' land would be worth more if the existing ordinance is invalidated is not determinative and does not necessarily justify a conclusion that the ordinance is confiscatory. *Cosmopolitan Nat. Bank of Chicago* v. *Village of Mount Prospect*, 22 Ill.2d 463.

The subject property has never been used. Only one of the owners testified. There is no evidence he did more than offer the property for sale to Standard Oil Company. There is no testimony he was unable to sell. Other property in the area has been sold for single-family residences and lots have been put to that use. There is no testimony that the subject property has even been offered for sale for such use. In light of the evidence, these matters were questions for the legislative body. As we said in *Rams-Head Co.* v. *City of Des Plaines,* 9 Ill.2d 326, 334: "In the instant case, taking into consideration the evidence most favorable to plaintiff, it is evident that the property could be reasonably zoned either for residential, commercial or industrial purposes. The conflicting evidence creates a substantial doubt, which must be resolved by the city council and not by this court." .

The court had no authority to impose the business use classification on the subject property. Courts have authority to pass upon the validity of a zoning ordinance, but this does not include the legislative function of determining the ultimate zoning classification of the area. (*National Brick Co.* v. *County of Lake,* 9 Ill.2d 191.) An exception to this rule was laid down in *Sinclair Pipe Line Co.* v. *Village of Richton Park,* 19 Ill.2d 370, where we held the court empowered to avoid undesirable results by framing its decree with reference to the record before it. However, the *Sinclair* case and others following it were cases in which the evidence showed the specific proposed use of the property. Where the record fails to show any evidence of the use proposed, this rule does not apply. In the instant case, the record is wholly devoid of any evidence of proposed use. The references to a gasoline filling station and a drug store in appellees' brief is

of no evidentiary value or assistance. The instant case affirmatively shows that the general classification of "C" neighborhood business district is unsuitable as established by plaintiffs' own witnesses. The court here had no authority to decree that a particular use was permissible since the record failed to support such a finding.

It is apparent that the residential zoning classification here is valid. The lower court had no legal basis to substitute its judgment for that of the legislative body in the village. The character of the area was residential and the plaintiffs failed to meet their burden of proving that the zoning classification was unreasonable or arbitrary.

As to the plaintiffs' cross appeal, the apportionment of costs, including master's charges, was within the sound discretion of the court. There is no showing of abuse of that discretion. The fact that the equities were found by the trial court to be in plaintiffs' favor does not avoid the apportionment. *Cities Service Oil Co.* v. *City of Des Plaines,* 21 Ill.2d 157.

The decree of the circuit court of Cook County is in error in the respects herein stated and is reversed.

*Decree reversed.*