**Helen E. Stachnik et al., Plaintiffs-Appellees, v. Village of Norridge, a Municipal Corporation, Defendant-Appellant.**

Gen. No. 50,300.

First District, Third Division.

February 3, 1966.

Peter G. Schultz and Bernard J. Hennessy, of Chicago, for appellant.

Smith and Munson and Simon Herr, of Chicago, for appellees.

MR. PRESIDING JUSTICE SULLIVAN delivered the opinion of the court.

The defendant, Village of Norridge, a Municipal Corporation, appeals to this court from a declaratory judgment in favor of the plaintiffs, Helen and Walter Stachnik, rendered by the circuit court of Cook County. The trial court found that the zoning ordinance of the defendant was unreasonable, discriminatory, confiscatory, unconstitutional and void insofar as it applied to the real estate of the plaintiffs.

The plaintiffs are the owners of property located at the southwest corner of Lawrence Avenue and Ozanam Avenue in the Village of Norridge. The entire tract of the plaintiffs consists of Lots 1, 2 and 3 and the north 13 feet of Lot 4, all facing Ozanam Avenue.

The Village of Norridge adopted a zoning ordinance in 1962, under which ordinance the village was divided into seven (7) districts, which are:

(1) R-1—Single Family Residence District
(2) R-2—Two Family Residence District
(3) R-3—Multiple Family Residence District
(4) B-1—Restricted Neighborhood Business District
(5) B-2—Restricted (Shopping Center) Business District
(6) B-3—General Business District
(7) "M"—Restricted Light Manufacturing District

The plaintiffs' property was zoned B-2 Restricted (Shopping Center) Business District. Automobile service stations are placed in the B-3 General Business District classification.

The plaintiffs have entered into an agreement with Texaco Oil Company whereby Texaco has agreed to purchase lots 1 and 2 of plaintiffs' property for $55,000, conditioned upon the property being rezoned B-3. At the present time, a house is situated on a portion of lot 2, and if the rezoning is successful, the house will be moved. The subject property extends 135 feet on Lawrence Avenue and 141 feet on Ozanam Avenue.

The plaintiffs applied to the Zoning Board of Appeals of the defendant village for a rezoning of the subject property to permit a gasoline service station to be erected thereon. The Board allowed the plaintiffs' application. The trustees of the village overruled the Board. The plaintiffs thereupon sued for the aforementioned de-

363

claratory judgment, which was granted by the trial court.

Lawrence Avenue runs westward through the village of Norridge. It is intersected at right angles by Ozanam Avenue. The subject property is located on the southwest corner of this intersection. Immediately to the west of the plaintiffs' property, on the south side of Lawrence Avenue, is a Convenient Food Market. It is part of an L-shaped shopping center containing a drug store, a package liquor store, coin-operated laundry and a beauty shop. West of the shopping center, across Opal Avenue, is a medical center and another beauty shop. Continuing 1,200 feet west to Canfield Avenue, a through north and south street, there are several older homes and a Baptist Church-Home for the Aged, which has a frontage of 66 feet on Lawrence Avenue at Canfield. Across the street therefrom there is a service station on the north side of Lawrence Avenue.

Immediately east of the plaintiffs' property, across Ozanam Avenue, is another shopping center containing a variety store, a restaurant and delicatessen, and a card and gift shop. On the north side of Lawrence Avenue, across from the property in question, there are very modern single family homes which front on the side streets, Ozanam and Opal. From Opal, west, on the north side of Lawrence, it is entirely residential to Canfield.

The property surrounding the subject premises is zoned either for residential purposes, B–1 Restricted Neighborhood Business District, or B–2 Restricted (Shopping Center) Business District. The nearest B–3 zoning is four blocks away.

At the trial, the evidence and testimony adduced on behalf of the plaintiffs was as follows: There was ample shopping center use in the neighborhood. The retail uses in the area have reached a saturation point. There were three vacant stores in the shopping center east of the subject property that have been vacant for some time.

The subject property is "sandwiched in" between the two shopping centers. The business uses to the west and those to the east have almost created a "Chinese Wall" around this property. It is isolated by two blank walls, and the orientation of other business uses is away from the property.

The best use of the premises would be in the next higher classification of zoning, permitting the erection of a service station thereon. The use of the premises for such a service station would have no depreciatory effect on the surrounding property. The value of the land if used for a business building would be approximately $12,500. However, if it were rezoned to permit a service station, the land value would be between $45,000 and $50,000.

The evidence and testimony adduced on behalf of the defendant was as follows: Taking into consideration the size of the property and the nature of the surrounding property, the best use of the subject premises would be a business use. The income would be safer and greater from stores and business rather than a special purpose use. The property could be made more productive for other business uses than for a single business use. The variation from the existing zoning would have a poor effect on the surrounding property. The present fair market value of plaintiffs' property was $40,000, and this value would remain about the same even if the zoning were changed to permit a service station.

The existing zoning encourages the activity and well-being of the present business interests in the area in that a business district is best served with a uniform type of business without having a gas station break it up. Two of the three stores that were vacant in the shopping center to the east of the subject premises were rented at the time of the trial; the other store was going to be used by the builder of the center as his own office.

The trial court found that since a portion of the village had been set aside for business, a gasoline service station could not be considered a detriment to the area. Further, it found that the plaintiffs had sustained the burden of proof of overcoming the presumption of the validity of the municipal ordinance, and the ordinance was therefore void as to the plaintiffs' property.

 The decision of the trial court must be reversed. From our examination of all of the evidence presented and the testimony given, it is clear that the plaintiffs have not met their burden of showing by clear and convincing evidence that the ordinance, as applied to their land, is arbitrary and unreasonable. A zoning ordinance is presumed valid. Only by clear and convincing evidence can this presumption be overcome. LaSalle Nat. Bank v. County of Cook, 12 Ill2d 40, 145 NE2d 65; Bright v. City of Evanston, 57 Ill App2d 414, 425, 206 NE2d 765.

 As the Bright case pointed out: "However, the presumption of validity may be overcome where the evidence shows a destruction of property value in the application of the ordinance, *and an absence of any reasonable basis in public welfare requiring the restriction and the resulting loss.*" (Emphasis added.) The plaintiffs contend that since the evidence shows that the value of their land would be seriously impaired if its use is restricted by the ordinance, as compared to its value if used for a service station, the trial court properly declared the ordinance invalid.

 We do not agree. As the facts reveal, the evidence of the plaintiffs is that the value of the premises would be much less if the land is restricted to B–2 zoning, while the evidence for the defendant shows no such discrepancy in land values. Assuming that the plaintiffs are correct in their contention that they will suffer a financial loss, such factor is not controlling, nor does it justify a conclusion that the ordinance is confiscatory. Reeve v. Village of Glenview, 29 Ill2d 611, 616, 195 NE2d

■■■■■■■■■■

188. That factor is to be considered in determining the validity of the ordinance, but it is not of itself determinative, particularly where the proposed use would depreciate the value of the other property in the neighborhood. This factor is important only where there is an absence of any reasonable basis in public welfare requiring the restriction and resulting loss.

In the case of Ryan v. County of Du Page, 28 Ill2d 196, 190 NE2d 737, on facts quite similar to those in the instant appeal, the plaintiff had an agreement with Martin Oil Service Company whereby the latter would purchase plaintiff's tract for $50,000.00, provided the zoning would be changed to allow the erection of a service station. The plaintiff argued that a great discrepancy in land values made the ordinance confiscatory, and the ordinance bore no relation to the public welfare. The court decided that the property took its character from the surrounding area, and the fact that it was zoned in conformity with surrounding existing uses was of paramount importance. The court stated at page 198 of the opinion: "There is a substantial difference in the value of the tract depending upon the zoning classification, but as we have repeatedly pointed out that is usually true and is not in itself decisive." (Citing cases.) The court also held that the evidence was neither clear nor convincing that the property could not be sold for other uses. Similarly in the instant case, there was no evidence offered that the plaintiffs have attempted to sell their property under the existing zoning classification.

■■ The Supreme Court has pointed out in LaSalle Nat. Bank v. County of Cook, supra, that one of the factors to be considered in determining the validity of an ordinance is "the existing uses and zoning of nearby property." (Cf. Reeve v. Village of Glenview, supra.) The record shows that the plaintiffs' property is zoned in conformity with the surrounding area. The evidence reveals that in a several block area adjacent to the plain-

tiffs' land, on the south side of Lawrence Avenue, the uses are all in accord with the .B-2 Shopping Center District zoning, while on the north side of the street, the land is all residential, with the exception of one parcel zoned for business, B-1. These facts reveal a uniform system of zoning which will not be disturbed by this court.

Further, we believe that the effect of declaring the zoning ordinance invalid as applied to plaintiffs' property would be "spot zoning." This change in zoning would permit an encroachment of a B-3 zoning use into an area uniformly zoned B-1, B-2, or residential.

The plaintiffs argue that the subject property is isolated from the surrounding businesses because of the blank walls of the stores to the east and the west. Allegedly these walls have created what plaintiffs refer to as a "Chinese Wall" around the property. It is common knowledge that most business structures have blank outside walls of necessity. When the plaintiffs argue that this situation causes an isolation of their property they are reciting a very common situation. The one blank wall is a part of the building across the street from the subject property. The distance of this wall from the subject property refutes the contention of plaintiffs that they are "sandwiched in" by these two walls.

The plaintiffs contend that where there is a conflict of opinion in testimony, the findings of the trial court will not be disturbed unless manifestly against the weight of the evidence. This is the rule. It is, however, clear to us that the evidence, even when viewed most favorably to the plaintiffs, falls far short of overcoming the presumption of the validity of the ordinance. Standard State Bank v. Village of Oak Lawn, 29 Ill2d 465, 471, 194 NE2d 201. At best, the evidence reveals a legitimate difference of opinion as to the reasonableness of the ordinance, and, under such circumstances, the legislative judgment must prevail. The determination of the

368

municipal authorities should be respected. In cases such as this, their judgment is conclusive. Bolger v. Village of Mount Prospect, 10 Ill2d 596, 141 NE2d 22; Exchange Nat. Bank of Chicago v. County of Cook, 25 Ill2d 434, 185 NE2d 250; Fox v. City of Springfield, 10 Ill2d 198, 139 NE2d 732.

██ The presumption of the validity of the zoning ordinance has not been overcome in this case. The judgment of the circuit court of Cook County is reversed.

Reversed.

SCHWARTZ and DEMPSEY, JJ., concur.