LOUIS TRUCHON et al., Plaintiffs-Appellees, v. THE CITY OF STREATOR, Defendant.—(DOROTHY KOLOJAY, Defendant-Appellant.)

Third District   No. 78-111

Opinion filed April 5, 1979.

Gary F. Gnidovec and Louis E. Olivero, both of Peru, for appellant.

M. G. Gulo and Walter L. Stodd, both of Streator, for appellees.

Mr. PRESIDING JUSTICE STOUDER delivered the opinion of the court:

The defendant, Dorothy Kolojay, appeals from the judgment of the Circuit Court of La Salle County declaring invalid a zoning ordinance of the defendant, City of Streator, which rezoned property owned by Kolojay.

The real estate which is the subject of this action is located at 1121 South Otter Creek Street, Streator, Illinois. While the property is not located within the boundaries of Streator, it is within 1½ miles of the city limits and hence within the zoning jurisdiction of Streator. Kolojay owns a business located on the premises which sells package liquor and liquor

across the bar. Plaintiffs own various parcels of real estate located either adjacent to the Kolojay property or in the immediate neighborhood surrounding the property. It appears that all such properties are improved with single-family dwellings.

On or about June 15, 1976, Kolojay filed a petition with the City of Streator requesting that her property be rezoned from "A Single Family Residence" to "E Commercial." At a hearing before the planning commission on July 27, 1976, defendant Kolojay stated that she wished to open a small neighborhood package liquor store for the sale of milk, bread and package liquors. The planning commission for the City of Streator rejected Kolojay's petition. The petitions and the recommendations of the planning commission were referred to the city council and at their regular meeting on August 3, 1976, the city council rejected the recommendations of the planning commission and granted Kolojay's petition. An ordinance implementing the change in zoning was drafted, and at the August 17, 1976, meeting, a majority of the city council adopted the ordinance granting the change in the zoning classification of the Kolojay property. It appears the plaintiffs were aware of and indeed participated in the proceedings which culminated in the zoning amendment.

In reliance on the zoning classification, defendant expended $20,000 for remodeling and in obtaining inventory for her business. This remodeling occurred during the time period from August 17, 1976, to April 25, 1977. Throughout this entire time frame plaintiffs were aware that defendant was remodeling the premises. Suit was commenced on April 1, 1977.

Otter Creek Street is a north-south street and Kolojay's property is located on the east side of Otter Creek about 250 feet to the north of Twelfth Street. It appears that premises facing Twelfth Street are zoned commercial on both sides of the street. The various businesses fronting on Twelfth Street in the vicinity of Otter Creek include two small manufacturing companies, a large Seven-Up warehouse and a music store. Also, in the vicinity is the Illinois Fruit & Produce Company, zoned commercial, and a bait shop which is apparently a nonconforming use in an area zoned residential. Carolyn Truchon, one of the plaintiffs, lives next door to the tavern and operates a beauty salon in the basement of her home. Her husband, Louis Truchon, operates Streator Meat Company from the same premises. The property is zoned residential and both uses are specifically excluded from home occupation.

Theodore Bakalar, mayor of the City of Streator, testified that in the City of Streator some small neighborhood taverns and package liquor stores do exist in residential areas. According to Bakalar, both the planning commission and the city council considered public health and

safety, traffic, policing, and the safety of children when voting to rezone the Kolojay property to commercial. There are many areas north of Twelfth Street in the vicinity of Otter Creek that are classified either commercial or light industrial.

Photographs introduced by defendant Kolojay show a truck parking terminal for semi-tractor trailer units adjacent to the property owned by Arthur and Teressa Overocker, two of the plaintiffs. The testimony of both plaintiffs' and defendant's witnesses established that Otter Creek is a heavily traveled street, being used extensively by tractor-trailer units and trucks servicing the light industry in the area, as well as being used by all forms of traffic as a short cut to a State road.

Three issues are raised for our consideration. First, do the plaintiffs have standing to bring this action; second, did rezoning defendant's property to commercial constitute spot zoning, and finally, were plaintiffs guilty of laches in bringing this action. In holding for plaintiffs the trial court found the rezoning to be illegal spot zoning and the plaintiffs were not guilty of laches. We reverse.

Considering first the issue of plaintiffs' standing to bring the present action, we find *Anundson v. City of Chicago* (1970), 44 Ill. 2d 491, 256 N.E.2d 1, dispositive.

> "The argument on the question of standing is that Kaepplinger, an adjoining landowner, should not have been permitted to intervene because he did not show that he would suffer special damage, differing from that which would be sustained by the general public. This argument was rejected by us in *Bredberg v. City of Wheaton,* 24 Ill. 2d 612. It was there held that adjoining landowners possessed rights which could be adversely affected in a declaratory judgment action of this type, and that they had an interest in such litigation which extended beyond that of the general public. Moreover, it was pointed out that a municipality, concerned primarily with the maintaining of the municipality-wide zoning pattern, might inadvertently compromise or neglect the rights of adjoining landowners in such a lawsuit. It was considered that the rights of such persons could be adequately protected by permitting them to intervene in the litigation." 44 Ill. 2d 491, 495-96, 256 N.E.2d 1, 3.

■■ Kolojay argues that *Anundson* is distinguishable because it involved intervention by an adjoining landowner whereas the present case is an original action. We find defendant's arguments unpersuasive. Whether a petition to intervene or an original complaint is involved, the underlying interests of the adjoining landowners are the same. Their proximity to the subject premises provides them with an interest which extends beyond

that of the general public, an interest which is entitled to protection by judicial relief. No argument is made that these plaintiffs are too removed from the Kolojay property to qualify as adjoining landowners, nor do we believe such an argument could withstand scrutiny. We hold that plaintiffs have standing to maintain the present action.

■■■ We consider next the validity of the zoning ordinance and more specifically, whether the ordinance constitutes an instance of spot zoning. A municipal zoning ordinance is presumed valid and the party assailing its validity must show by clear and convincing evidence that it is invalid. If there is any room for a reasonable difference of opinion the court will not substitute its judgment for that of the legislative body. (*Reeve v. Village of Glenview* (1963), 29 Ill. 2d 611, 195 N.E.2d 188.) The presumption of validity may be overcome by evidence showing a destruction of property value in the application of the ordinance and an absence of any reasonable basis requiring the restriction and the resulting loss. (*First National Bank & Trust Co. v. County of Cook* (1958), 15 Ill. 2d 26, 153 N.E.2d 545.) Each case must necessarily be considered on its particular facts and circumstances. (*LaSalle National Bank v. County of Cook* (1957), 12 Ill. 2d 40, 145 N.E.2d 65.) The character of the neighborhood, the existing uses and zoning of nearby property, and the suitability of the property for the purpose for which it is zoned are all relevant factors to be considered. (*Bright v. City of Evanston* (1965), 57 Ill. App. 2d 414, 206 N.E.2d 765.) Of paramount importance is the question as to whether the subject property is zoned in conformity with surrounding existing uses and whether those uses are uniform and established. *Standard State Bank v. Village of Oak Lawn* (1963), 29 Ill. 2d 465, 194 N.E.2d 201.

Upon considering the evidence, we believe the plaintiffs failed to overcome the presumption of the validity of the ordinance. While there was some evidence supporting the plaintiffs' position that the zoning ordinance constituted "spot zoning," there was also significant evidence indicating that the zoning of the Kolojay property to E Commercial was in conformity with the character of the neighborhood and existing uses and zoning of nearby property. Certainly, based upon this record, there is room for reasonable difference of opinion and neither this court nor the court below should substitute its judgment for that the city council.

■■ In holding that the action of the defendant City of Streator constituted spot zoning, the trial court relied on three cases, *Kioutas v. City of Chicago* (1965), 59 Ill. App. 2d 441, 208 N.E.2d 587, *Bright v. City of Evanston* (1965), 57 Ill. App. 2d 414, 206 N.E.2d 765, and *Reskin v. City of Northlake* (1965), 55 Ill. App. 2d 184, 204 N.E.2d 600. Examination of these opinions reveals that in each instance, the decision of the court on appeal supported the action taken by the particular legislative body involved.

Similarly, the present case does not warrant intrusion into the legislative domain of the city council of the City of Streator. We therefore hold that the trial court erred in ruling the zoning ordinance invalid.

■ In addition to the foregoing, we believe equitable considerations favor the defendant Kolojay. As early as November 1976, the plaintiffs sought advice of counsel, this after some of the plaintiffs had testified in favor of the zoning change at the hearing on defendant's petition. The record establishes that during a period of some seven months, the plaintiffs failed to take appropriate measures to challenge the rezoning, knowing all the while that Kolojay was expending significant sums of money in preparing her property for business in reliance upon the zoning change. It does not assist plaintiffs to argue that they believed Kolojay would engage in a particular type of business enterprise different from the one that was finally opened, when either use was proper under the zoning classification "E Commercial." There is no indication in the record that Kolojay's assertions in August of 1976 that she intended to open a package liquor store were not truthful at the time they were made. Plaintiffs' testimony and their inaction in commencing this litigation demonstrate that they had no particular objection to the zoning change, but rather to a particular use that was one authorized by an E Commercial zoning classification.

■ On appeal plaintiffs have challenged the failure of Kolojay to raise the affirmative defense of laches in her answer. It is sufficient to respond to plaintiffs' contention to note that both plaintiffs' and Kolojay's counsel argued the issue on its merits to the trial court and the trial court did in fact render a decision on such issue. Having failed to raise in the first instance any objection to the failure to properly plead the affirmative defense of laches, and then proceeding to argue this same issue to the trial court, the plaintiffs have waived all objection to any procedural insufficiency.

For the foregoing reasons the judgment of the circuit court of La Salle County is reversed.

Reversed.

ALLOY and SCOTT, JJ., concur.