(No. 37442.—

FIRST NATIONAL BANK OF BLUE ISLAND, Appellee, *vs.* THE COUNTY OF COOK, Appellant.

*Opinion filed March 25, 1963.—Rehearing denied May 29, 1963.*

DANIEL P. WARD, State's Attorney, of Chicago, (THOMAS A. HETT and RONALD BUTLER, Assistant State's Attorneys, of counsel,) for appellant.

HASKINS, MAGUIRE & HASKINS, of Chicago, (ROBERT E. HASKINS, C. W. ECKERT, and DANIEL L. HOULIHAN, of counsel,) for appellee.

Mr. Justice House delivered the opinion of the court:

The defendant county appeals to this court from a judgment holding the county zoning ordinance void as applied to plaintiff's property. We have jurisdiction since the trial court has certified that the validity of an ordinance is involved.

The land in question consists of 40 acres in an unincorporated portion of Orland Township ½ mile east of the intersection of 159th Street and 96th Avenue. It is zoned R3 (single-family 20,000-square-foot lots) as is the surrounding land extending 3 to 4 miles to the east, south and west and one mile to the north. The area use is predominantly farming but is being subdivided and developed for single-family residences. About one-half mile south and east of the subject property is a subdivision, comprising 140 acres of 300 lots, developed with some 200 homes on 20,000 or more square-foot lots. A 530-acre tract, the north 120 acres of which is contiguous to plaintiff's land, is presently subdivided and model homes are on display. The only other zoning and land use is the 159th Street—96th Avenue intersection, which is zoned B4 (general commercial) and has been so developed by a gasoline station, restaurant and similar enterprises.

Plaintiff proposes to use the subject site for a mobile-home park to accommodate 341 units. A trailer park is a special use in a B5 or M-1 district. Plaintiff contends that the R3 classification is arbitrary and unreasonable and without substantial relation to the public health, safety or welfare.

All the expert witnesses seemed to be in agreement that the highest and best use for the property is for residential purposes, as zoned. Plaintiff's expert went further, however, and added "or for a specific specialized type of use of housing such as would be found in a modern mobile home park." This unanimity of opinion is refreshing and certainly is fatal to any economic hardship argument. The

proof was entirely insufficient to support the theory that the property would not be developed under the R3 classification and that there was a lack of market for the type of homes which an R3 subdivision requires. The evidence does indicate that construction of the mobile park will adversely affect real-estate values in the area.

Much is made of the testimony by the county's zoning expert that an R3 classification is a "holding or transitory" arrangement to permit orderly development in unincorporated areas. This was followed by the assertion that when the population shows a concentration of the urbanized pattern, some of the acreage could very well be rezoned to R4 permitting greater density. To say that economic unfeasibility and lack of market are implicit in the characterization of the R3 zoning as a holding device because of the foregoing testimony simply is not realistic. The area is in an early stage of development but the trend, as evidenced by the development in the subdivision to the south and the model homes constructed to the southeast, is toward single-family residences of the R3 zoning type. It is elementary that plaintiff must overcome the presumption of validity of the zoning classification by clear and convincing evidence. (*Krom* v. *City of Elmhurst,* 8 Ill.2d 104.) The evidence here falls far short of that standard. In view of this holding it is unnecessary to discuss objection to that part of the decree which permitted use of the property for a mobile-park home for 18 years after which the court might entertain an application to consider whether such use should be terminated.

The decree of the circuit court of Cook County is reversed.

*Decree reversed.*