(No. 37458.—

TESSIE V. SUTTER, Appellant, *vs.* THE VILLAGE OF MUNDE-
LEIN, Appellee.

*Opinion filed March 25, 1963.—Rehearing denied May 29, 1963.*

BURL F. NADER, of Libertyville, for appellant.

RUNYARD, BEHANNA, CONZELMAN & LEWIS, of Wau-
kegan, (ALFRED W. LEWIS, of counsel,) for appellee.

Mr. JUSTICE UNDERWOOD delivered the opinion of the
court:

In an action for a declaratory judgment, the Lake
County circuit court found against appellant on her con-
tention that the zoning ordinance of defendant-appellee,
Village of Mundelein, was unconstitutional and void inso-
far as it classified the use of her property R-4, a two-family
residential use. Complaint was filed following the denial
of her application for a variation permitting use of the
lots for B-2 (general business) use. The trial judge certi-
fies to us that the validity of a municipal ordinance is in-
volved, so we take jurisdiction. Appellant here contends
the evidence clearly establishes the unconstitutionality of
the zoning ordinance as applied to appellant's property.

The property involved is a vacant tract of two lots located at the northeast corner of Orchard Street and U.S. Route 45 (Lake Street) in the village of Mundelein. The frontage on route 45 is 110 feet, and the lots extend 150 feet to the east along Orchard Street. The lots are zoned for R-4 two-family use by the comprehensive zoning ordinance adopted in 1957. Apparently this tract had been zoned for business under a prior ordinance when appellant, who owned the premises in joint tenancy with her husband, acquired them in 1951. In 1953, these lots with the two adjoining lots to the north, also owned by the Sutters, were zoned two-family residential subject to a variation to use the tract in question as a parking lot for the tavern and restaurant owned and operated by the Sutters on the adjoining tract. In 1958, the Sutters sold the adjoining tract with its improvements, but retained the subject property. Appellant's husband, who was a coplaintiff with appellant, and died during the pendency of the trial proceedings, testified that when he purchased the Lakewood Inn (tavern-restaurant) in 1946, the entire area was zoned for business; that there is sufficient area for the Lakewood Inn parking on its two lots without using the tract in question; that across route 45 to the west is another tavern, which like the Lakewood, has operated since about 1932.

Lake Street (route 45) is a four-lane paved through street with heavy traffic and is the main thoroughfare of Mundelein. Orchard Street is a two-lane paved street. Immediately north of the Lakewood Inn, on the east side of route 45 are seven single-family dwellings. Proceeding on northward on the east side of Lake Street, the next block is vacant, and the succeeding one is occupied by Kracklauer (Sparkler) Park which covers the entire block, including a 400-foot frontage on Lake Street. Farther north beyond the park is the Sparkler Manufacturing factory, a gas station, Meadow Gold Dairy buildings and the central business district which continues on north along U.S. 45.

On the west side of route 45, immediately north of Orchard Street are, from the corner north, three single-family dwellings, a tavern and its parking lot, the Lutheran church parking lot, and the Lutheran church. Again, continuing northward on the west side of Lake Street, is the block-long Santa Maria Del Popolo church and school parking lot, and the next block north is occupied by the church and school grounds.

Immediately across Orchard Street and south of the tract which which we are concerned, are two older two-story residences (one is a duplex) and eight single-family dwellings on the east side of route 45. On the southwest corner of Orchard and Lake, diagonally from appellant's tract, are eight new single-family dwellings. Further south on Lake Street are more residence properties culminating in a miscellaneous business district some four blocks south. Between the subject property and the railroad tracks some five or six blocks east, is Lakewood Heights, a subdivision of small homes. To the west are residence properties and Washington school, one and one-half blocks west on Orchard.

Nearly five hundred children attend grades one through five at Washington school, and about one thousand children attend the parochial school. Many of these children cross the streets at the intersection of Lake and Orchard Streets, and the superintendent of schools testified regarding the increased traffic hazard which would be occasioned by a filling station at this intersection.

All of the real-estate witnesses testified that the land in the general area of the subject property is residential in character and so developing. In the past five or six years there have been between 25 or 30 new homes built fronting on Lake Street in the two-block area extending one block north and one block south of the property with which we are concerned. There is no business or commercial activity in this area excepting the non-conforming tavern uses.

Several expert witnesses testified. Those called by appellant valued the tract in question at from $5,500 to $6,000 as zoned two-family residential, and from $30,000 to $40,000 for use as a gasoline filling station. Defendant's witnesses valued the tract at from $6,000 to $8,000 as presently zoned and from $14,000 to $16,000 if zoned for business. One of appellant's witnesses testified he had an option to purchase the tract for $33,000 subject only to rezoning so he could use the tract for the construction and operation of a gasoline station. The cost of construction would be about $30,000. The broker in this transaction testified as an expert, valuing the two lots in the tract at $3,000 each for two-family lots, and at a total of $30,000 to $40,000 for a gas-station site. On cross-examination the broker testified that the residential area surrounding the tract is 99% used for that purpose, but thought a gas station would have an appreciating effect on the surrounding area. One of the other experts called by appellant testified that the residences in the immediate area might suffer 2 to 4% depreciation from the erection of the gasoline station, while the defendant's witnesses estimated this depreciation at from 10 to 20% depending on proximity to the station. Since the residences within the one block radius, on Lake Street only, are valued at from $13,000 to $25,000, the expert testimony places the overall depreciation to the 28-house residential area from none to as much as $50,000.

Appellant stresses the substantial appreciation in value of the property in question if the desired rezoning were permitted. We have frequently reiterated the factors to be considered in a determination of zoning matters, and there is no need to repeat them here. Suffice it to say that the only one present in any substantial degree is the valuation differential. This is an omnipresent element and one meriting serious attention—but it is not the dominant consideration. "Of paramount importance in determining the validity or invalidity of the given classification is the question

as to whether it is in conformity with existing uses and the zoning classification of nearby property." *Liberty Nat. Bank of Chicago* v. *City of Chicago,* 10 Ill.2d 137, *Wehrmeister* v. *County of Du Page,* 10 Ill.2d 604.

We have carefully reviewed the voluminous record in this case with a view to the principles set forth by us in *Exchange Nat. Bank of Chicago* v. *County of Cook,* 25 Ill.2d 434, and *Hartung* v. *Village of Skokie,* 22 Ill.2d 485. The physical characteristics of the neighborhood here indicate that the present residential zoning restrictions do reflect the use, development and growth trend of the surrounding area. For a substantial distance southward from Courtland Street is a residential area which is being developed rapidly without business variation except for the nonconforming tavern uses. In our opinion the appellant's proof, at best, simply establishes the existence of a debatable zoning question properly resolvable in the legislative forum. Under such circumstances, the legislative judgment is conclusive (*Exchange Nat. Bank of Chicago* v. *County of Cook,* 25 Ill.2d 434, 441), and appellant must be held to have failed to overcome the presumption of validity attaching to the ordinance. *Jacobson* v. *City of Evanston,* 10 Ill.2d 61.

The judgment of the trial court is accordingly affirmed.

*Judgment affirmed.*