Clarence S. Wilson and Kathryn M. Wilson, His Wife, Karl Fischer and Jeanette D. Fischer, His Wife, and Edwin F. Weigle and Florence H. M. Weigle, His Wife, Plaintiffs-Appellees, v. The Village of Deerfield, a Municipal Corporation of the State of Illinois, Defendant-Appellant.

Gen. No. 64–40.

Second District.

January 29, 1965.

Thomas A. Matthews and Byron S. Matthews, both of Chicago, and Kenneth R. Shorts, of Waukegan, for appellant.

Hall, Meyer, Fisher, Van Deusen, Holmberg & Snook, of Waukegan, and Kirkland, Ellis, Hodson, Chaffetz & Masters, of Chicago, for appellees.

ABRAHAMSON, P. J.

Plaintiffs, Clarence S. Wilson, Kathryn M. Wilson, Carl Fischer, Jeanette D. Fischer, Edwin F. Weigle and Florence H. M. Weigle, brought an action for declaratory judgment in the Circuit Court of Lake County seeking a declaration that the zoning ordinance of the Village of Deerfield, as amended, was void and unconstitutional as applied to their property. After trial the court entered a decree finding the ordinance void and unconstitutional as to plaintiffs' property. The Village of Deerfield appealed directly to the Supreme Court of Illinois asserting that a constitutional issue was involved. The Supreme Court transferred the case to this court presumably on the ground that the case involved only the application of a zoning ordinance to particular parcels of property and does not present such a substantial constitutional question that would justify direct appeal to that court. First Nat. Bank & Trust Co. v. City of Evanston, 30 Ill2d 479, 486, 197 NE2d 705.

On this appeal the Village of Deerfield contends that the rezoning was within the discretion of the Village authorities and that the courts should not interfere with the exercise of this discretion in the absence of clear and conclusive proof that the ordinance was confiscatory and bears no relation to the public welfare.

The plaintiffs, however, contend that they have maintained the burden of proof in showing the ordinance as amended to be unreasonable, arbitrary and void as to their property and that there is no evidence disclosing a reasonable relationship between the zoning ordinance, as amended, as applied to plain-

tiffs' property and to the public health, safety, morals and welfare.

The subject property consists of three (3) tracts of vacant property located on the south side of Deerfield Road: Parcel 1 being a tract having 82.5 feet of frontage on the south side of Deerfield Road and a depth of 185 feet from the center of Deerfield Road, owned by plaintiffs Wilson who have contracted to sell to plaintiffs Fischer; Parcels 2 and 3 owned by plaintiffs Weigle, having a frontage on the south side of Deerfield Road immediately to the West of the Wilson-Fischer property 397 feet with a depth of 152 feet.

Approximately one and one-half blocks to the east of the subject property is the central business district of Deerfield. The right of way of the Chicago, Milwaukee, St. Paul & Pacific Railroad lies between the subject property and said business district. Deerfield Road provides major access to highways located to the west of Deerfield, including the Tollway.

On March 8, 1954, the Village of Deerfield adopted a comprehensive zoning ordinance for the village based upon a plan prepared by Kincaid and Hutchinson, professional planners, employed by the village. In accordance with the recommendations in said plan, the subject property was zoned R–7, which zoning provided for multiple family occupancy and would have permitted the construction of eight apartments on the Wilson-Fischer property and forty apartments on the Weigle property. In the spring of 1959, Stanton and Rockwell, planning consultants of Chicago, Illinois, prepared a Comprehensive Plan of Revision Report for the Village of Deerfield, in which no changes in zoning of the subject property were recommended.

The Fischers purchased Parcel 1 from the Wilsons on an installment contract dated January 12, 1962,

for $18,000. Wilson and Fischer both ascertained the zoning at the time of entering into the contract to be R–7. The Fischers employed architects and prepared plans for the construction of eight apartments on Parcel 1. Plaintiff Weigle entered into a contract dated February 7, 1962, to sell Parcels 2 and 3 to Howard Abraham for the sum of $110,000, contingent on the use of said parcels for construction of a thirty-six residence unit. On May 21, 1962, the Village Board of Deerfield rezoned the subject three tracts from R–7 (multiple family) to R–6 (two-family) zoning over the objections of the plaintiffs.

The homes in the area along Deerfield Road, which is a main thoroughfare and well traveled, are, with few exceptions, 40 to 60 years old. A four apartment building lies 50 feet to the east of the subject property and a ten apartment building was under construction immediately to the east of that property. Additional apartment buildings are in existence a block to the east of the subject property, and there is a large apartment project slightly over a block away to the west. There is a medical building and parking lot across Deerfield Road from subject property and an osteopathic physician's office and some apartment use with some single and two-family use on the north side of Deerfield Road.

Plaintiffs produced several expert witnesses who testified that, in their opinion, the highest and best use of subject property would be multiple family dwellings. They further testified that under the R–7 (multiple family) zoning, the Weigle property would have a value from approximately $90,000 to $95,000 whereas under R–6 (two-family) zoning, the value would be approximately $40,000 and that the Wilson-Fischer property would, under the R–7 zoning have a value from approximately $18,000 to $20,000, whereas under R–6, it would have a value of approximately

64

$8,000 to $8,500. Witnesses testified that there would be no adverse effect on the adjoining or neighboring property by development of subject property for multiple use in accordance with the proposed plans, except for one witness who testified as to minimum depreciation to an adjoining single family home which had been recently sold.

The question to be resolved is whether the zoning ordinance as amended, as applied to plaintiffs' property, is arbitrary and unreasonable and has no substantial relation to the public health, safety or welfare. Each case must be judged upon its own facts and circumstances. Krom v. City of Elmhurst, 8 Ill 2d 104, 133 NE2d 1.

It is true, as the defendant village insists, that a zoning ordinance is presumed to be valid, and the burden is on the plaintiffs to prove, by clear and conclusive evidence, that the ordinance attacked is unreasonable and confiscatory insofar as the subject property is concerned. Sutter v. Mundelein, 27 Ill 2d 589, 190 NE2d 321; First Nat. Bank of Blue Island v. Cook County, 27 Ill2d 586, 190 NE2d 294.

The Illinois Supreme Court in La Salle Nat. Bank of Chicago v. County of Cook, 12 Ill2d 40, 46, 145 NE 2d 65, stated:

> ". . . that among the facts which may be taken into consideration in determining validity of an ordinance are the following: 1) The existing uses and zoning of nearby property, 2) the extent to which property values are diminished by the particular zoning restrictions, 3) the extent to which the destruction of property values of plaintiff promotes the health, safety, morals or general welfare of the public, 4) the relative gain to the public as compared to the hardship imposed upon the individual property owned, 5) the suit-

ability of the subject property for the zoned purposes (in this cause residences on 10,000 square feet), and 6) the length of time the property has been vacant as zoned considered in the context of land development in the area in the vicinity of the subject property."

It appears that the subject property had been zoned by the village for multiple occupancy dwellings in 1953; that prior to the rezoning to two-family use the contracts of sale and purchase had been entered into by the plaintiffs and that the plaintiffs had acted in reliance upon the multiple family zoning. The evidence discloses that the subject property is located in an area of mixed uses lying close to the main business district of the Village of Deerfield. Witnesses testified that the values of plaintiffs' property would be substantially diminished by the zoning restrictions while there would be only minimum depreciation to surrounding property values if the zoning restrictions were not imposed. We do not find that the zoning restrictions imposed on plaintiffs' property bear any substantial relation to the public health, safety, morals or general welfare.

After carefully examining the record and applying the considerations set forth in La Salle Nat. Bank of Chicago v. County of Cook, supra, we are satisfied that the findings of the trial court are supported by the evidence and its decree should be affirmed.

Judgment affirmed.

CARROLL and MORAN, JJ., concur.