Glenn G. Briscoe and Bertha Briscoe, Plaintiffs-Appellants, v. The City of Highland Park, Illinois, an Illinois Municipal Corporation, Defendant-Appellee.

Gen. No. 65–103.

Second District.

August 30, 1966.

Russell L. Engber, of Highland Park, for appellants.

Stanley Grosshandler, of Waukegan, for appellee.

MR. PRESIDING JUSTICE MORAN delivered the opinion of the court.

The plaintiffs bring this action for declaratory judgment to challenge the validity of the zoning ordinance of the City of Highland Park in Lake County as applied to four (4) vacant lots. The property is zoned for single-family residential use and was so zoned at the time the premises were acquired by the plaintiffs. The

plaintiffs desired to use the property for multiple-apartment purposes and petitioned the local authorities to change the zoning ordinance authorizing such a use. Upon rejection of that petition this suit was filed. The trial court after an extended hearing found the issues in favor of the City and upheld the zoning.

The premises in question lie on the east side of St. Johns Avenue. Immediately east of the premises is a number of single-family residences and no apartments. Immediately north of the property in question is a single-family residence, then a landscaped parking lot, the City Hall, Public Library and a memorial rose garden. The architecture of the public buildings is such that they are not out of character with the residential nature of the area. West of the premises in question is the abandoned right-of-way of the Chicago, North Shore and Milwaukee Railway, and west of that is the right-of-way of the Chicago and Northwestern Railway, and then a small industrial tract on which is located a lumberyard, a beverage warehouse and a dairy building. The combined railroad rights-of-way exceed 220 feet.

The trial court under the circumstances of this case put the issue in a clear and concise manner when it said, "Even though a court might reach a different conclusion had the individual judge been a member of a Zoning Board of Appeals or a member of a City Council, nevertheless the court cannot substitute its judgment for that of such officials of the City involved."

██ ██ The legislature wisely decided that zoning is a function for local authorities. Our only jurisdiction in this case is to determine whether or not local authorities have been arbitrary or unreasonable in the exercise of the powers delegated to them.

██ It is elementary that the ordinance is presumed valid and that the plaintiffs have the burden of proving that it is arbitrary, unreasonable and unrelated to the public welfare. First Nat. Bank of Lake Forest v. Coun-

ty of Lake, 7 Ill2d 213, 225, 130 NE2d 267 (1955). Typically, the evidence indicates a wide difference of opinion both as to which uses characterize the subject property and as to the effect of the plaintiffs' proposal on surrounding properties. The plaintiffs' witnesses testified that the subject property was characterized by the railroad tracks and the industrial uses on the other side of the railroad tracks. In addition, they characterized the City Hall, Library and rose garden as nonresidential uses intending to establish the character of the subject property. Further, the plaintiffs alleged that they would suffer a monetary loss if the zoning were not granted.

The defendant's witnesses on the other hand characterized the area as single-family residential and did not feel that the public buildings north of the subject property detracted from the single-family classification.

██ The factors to be considered in a zoning case have been reiterated on numerous occasions and it would merely extend this opinion unnecessarily for us to repeat them. Suffice it to say that the most important factor to be considered is the use and zoning of surrounding properties. Jacobson v. City of Evanston, 10 Ill2d 61, 70, 139 NE2d 205 (1956). Here, the subject property is bordered on two sides by single-family residential uses and zoning classification.

██ The fact that the plaintiffs knowingly purchased the property with its single-family classification is a factor and while it does not bar a person from challenging the validity of that zoning, nevertheless it is proper for us to take that into consideration in our examination of the whole case.

██ The late Justice Daily said in the case of Urann v. Village of Hinsdale, 30 Ill2d 170, 176, 195 NE2d 643 (1964), "It is axiomatic that the fixing of zoning boundary lines, unless arbitrary and capricious, is a matter of legislative judgment which the courts will respect,

260

. . . " In that case the court found that railroad tracks in an industrial area presented a logical line of demarcation between the industrial zone and the residential zone. The same might be said of the case at bar. The corporate authorities have found that the railroad tracks are a logical line to divide an industrial zone and a residential zone. We cannot say that this decision is unreasonable. Indeed, all of the property east of the tracks is zoned and used for single-family purposes excepting only those properties which are used for public buildings or purposes. Surely we cannot say that all public buildings must be surrounded by nonresidential uses.

The plaintiffs alleged that the circumstances have changed since the adoption of the original single-family residential classification in that the traffic on St. Johns Avenue has substantially increased. This is undoubtedly true; however, the same can be said for a majority of streets in Illinois. Traffic is a factor to be considered but it is not persuasive in a case where the increase in traffic is caused by the fact that there are more people and more cars in the State today than at the time of the adoption of the ordinance. There is no proof that St. Johns Avenue itself has been changed. Surely we could not adopt a rule requiring a change in zoning classifications for every increase in traffic. Such a rule would place nonsingle-family residential uses on many streets in the State.

The most that can be said from the record before us is that there is a fair difference of opinion regarding the validity of the ordinance. We cannot substitute our judgment for that of the local authorities. We must and do find that the trial court was correct in upholding the zoning classification.

Judgment is therefore affirmed.

Judgment affirmed.

ABRAHAMSON and DAVIS, JJ., concur.