Martin C. Anderson *et al.*, Plaintiffs-Appellees, *v.* The City of Geneva, Defendant-Appellant.

(No. 73-425;

Second District (2nd Division)—May 7, 1975.

*Rehearing denied June 10, 1975.*

Smith & McCracken, of Geneva (Thomas G. McCracken, of counsel), for appellant.

Benn E. G. Eilert and Robert J. Morrow, both of Geneva, for appellees.

Mr. JUSTICE DIXON delivered the opinion of the court:

This is a declaratory judgment action, in which the plaintiffs, Martin C. Anderson and Dolores Anderson, property owners, and Ralph Cantrell, contract purchaser, and Daniel Cantrell, his partner, ask that the zoning ordinance of the defendant, the City of Geneva, be declared invalid as applied to certain property the Andersons own. The property is located just within the south boundary of the City of Geneva. It consists of 3.62 acres of land improved by a single-family residence and a barn used as a garage. It is bounded on the south by the right-of-way of the Chicago and Northwestern Railway Company, on the west by Sandholm Street in Geneva, and on the north and east by public parks belonging to the Geneva Park District. The property has heretofore been zoned R-1 Single-Family District, and Ralph Cantrell's contract is conditioned upon its being rezoned R-3 Multiple-Family District so as to permit the construction of apartment buildings on the premises.

Ralph Cantrell petitioned the Plan Commission of the City of Geneva for approval of rezoning of all of the Andersons' tract of land except

the area on which the residence was located, but the Plan Commission refused to give its approval. The City Council of the City of Geneva concurred with the recommendation of the Plan Commission and refused to rezone the property. The plaintiffs then commenced this action. The Circuit Court of Kane County held the zoning ordinance to be void as to the Andersons' property, reclassified it from R-1 Single-Family District to R-3 Multiple-Family District, and ordered the City of Geneva to amend its zoning maps and records to indicate such rezoning. The City has appealed.

■■■ We have considered, in our review of the record, the various factors which have been said by the Illinois Supreme Court to merit consideration in determining the validity of a zoning ordinance. These include the following: the existing uses and zoning of nearby property, the extent to which property values are diminished by the particular zoning restrictions, the extent to which the destruction of property values of the plaintiff promotes the health, safety, morals, or general welfare of the public, the relative gain to the public as compared to the hardship imposed upon the individual property owner, the suitability of the property for the zoned purposes, and the length of time the property has been vacant as zoned considered in the context of land development in the area in the vicinity of the property. (*La Salle National Bank v. County of Cook*, 12 Ill.2d 40, 46-47.) All of these factors should be taken into consideration (*Chicago Title & Trust Co. v. Village of Wilmette*, 27 Ill.2d 116, 124), although each case must necessarily be decided on its own particular facts. (*La Salle National Bank v. City of Evanston*, 24 Ill. 2d 59, 63.) If it clearly appears that in the particular case the challenged ordinance imposes a much more serious burden on the plaintiff than the public benefit seems to warrant, the ordinance must be held unreasonable and void as applied to the plaintiff's property. (*Duggan v. County of Cook*, 60 Ill.2d 107, 112.) On the other hand, a presumption exists in favor of the validity of a zoning ordinance (*Bennett v. City of Chicago*, 24 Ill.2d 270, 273), and where the evidence accommodates a legitimate difference of opinion as to the reasonableness of the ordinance, the legislative judgment must prevail. *Standard State Bank v. Village of Oak Lawn*, 29 Ill.2d 465, 471.

From the evidence it appears that beyond the park adjoining the Andersons' property on the east, and about 1500 feet from their property, is land which is zoned for manufacturing purposes and is used for a factory. Beyond the railroad tracks along the south side of their property, but outside the city, there are multiple dwellings. Across Sandholm Street on the west is a single-family residence on a 3-acre site zoned single-family residential. Beyond the park on the north the land is in general

zoned and used for single-family residences, although multiple-family zoning and users are found around a cul-de-sac known as Caroline Court, the closest apartment building there being about 500 feet from the Andersons' property, and there are occasional multiple-family tracts and uses at greater distances from their property.

It appears, further, that the contract price for the Andersons' property if rezoned for multiple-family uses is $65,000, and its appraised value if rezoned as proposed is between $65,000 and $72,000. Its value if not rezoned is $30,000 according to one of the plaintiffs' witnesses; between $25,000 and $35,000 according to another of them; between $29,000 and $31,000 according to another; and between $35,000 and $40,000 according to yet another. Its value if not rezoned is $30,000 according to a witness for the city.

There is also differing testimony as to the benefit which might accrue to the public from retention of the present single-family zoning of the Andersons' property. It was stated for the city that the proposed multiple-family dwellings would depreciate the single-family residences to the north and west, but this was denied by the plaintiffs, and the park along the north was said to be a buffer which would protect residences to the north. Anticipated traffic congestion and hazards to children who would be walking to school along Sandholm Street (not a standard width) and nearby Simpson Street were mentioned, but the plaintiffs testified that they contemplated no traffic problems. The possibility of additional serious flooding from a drainage ditch 15 feet north of the Andersons' property was indicated to be a matter causing considerable concern among the neighbors, but the extent to which the proposed apartment buildings might augment the flooding problem was left unclear.

There also is conflict in the testimony as to the highest and best use of the Andersons' property, but no evidence of its being unsuitable for single-family residential purposes except for the proximity of the railroad tracks. As to the length of time the property has been vacant as zoned, it apparently was earlier used as farmland and was not in recent years on the market for any use or purpose until shortly before the plaintiffs entered into their contract.

It appears to us that the evidence introduced to establish the unreasonableness of the zoning ordinance as applied to the Andersons' property is insufficient to overcome the presumption in favor of its validity. The plaintiffs had the burden of showing, by evidence which was clear and conclusive, that the ordinance was unreasonable and oppressive as applied to them, and did not have a substantial relation to the general welfare of the people about them. (*Camboni's, Inc., v. County of Du Page*, 26 Ill.2d 427, 432.) There is a substantial difference in the

value of the property, depending on the zoning classification, but that is usually true and is not in itself decisive. (*Ryan v. County of Du Page*, 28 Ill.2d 196, 198.) Since it appears that the immediate neighborhood is primarily single-family residential, with the exceptions noted, the Andersons' property is presently zoned in conformity with nearby existing uses, and this is of paramount importance. (*River Forest State Bank & Trust Co. v. Village of Maywood*, 23 Ill.2d 560, 563.) The adjacent railroad tracks do not in themselves cause the classification of the property as single-family residential to be unreasonable. (*Urann v. Village of Hinsdale*, 30 Ill.2d 170, 175; *Briscoe v. City of Highland Park*, 74 Ill.App.2d 257, 260-61; *Maywood Proviso State Bank v. Village of Berkeley*, 55 Ill. App.2d 84, 87-91.) We believe that the most that can be said for the plaintiffs' case is that it presents a debatable question as to the reasonableness of the restrictions imposed on the Andersons' property, and so the legislative judgment must prevail. Accordingly the judgment of the Circuit Court of Kane County is reversed.

Judgment reversed.

RECHENMACHER, P. J., and T. MORAN, J., concur.