CHARLES KOVANDA et al., Plaintiffs-Appellees, v. COUNTY OF DU PAGE, Defendant-Appellant.

(No. 74-11;

Second District (2nd Division)—October 9, 1975.

John J. Bowman, State's Attorney, of Wheaton (Frank J. Petru and Malcolm F. Smith, Assistant State's Attorneys, of counsel), for appellant.

Edward Van de Houten, Jr., of Glen Ellyn, for appellees.

Mr. JUSTICE DIXON delivered the opinion of the court:

This is a declaratory judgment action, in which the plaintiffs, Charles Kovanda, Lillian Kovanda, Donald Meister, and Blanche Meister, the owners of certain property in Du Page County, and Arbor, Ltd., an Illinois corporation, interested in the property as contract purchaser, ask that zoning ordinance of the defendant, the County of Du Page, be declared invalid as applied to their property. The property consists of 10.24 acres of land at the northeast corner of the intersection of Fairfield Avenue and Sixteenth Street, in an unincorporated area of Du Page County, lying between Montini High School, on the east, and a grade school on the west. It is presently zoned R-2 Single Family Residence District under the County's zoning ordinance, but the plaintiffs desire to construct a multiple-family housing development on the property. The plaintiffs petitioned the Du Page County Board of Appeals for rezoning to an R-3 Single Family Residence District with a special use permit to allow them to construct multiple-family units on the property, but their petition was denied, and so they commenced this action. The Circuit Court of Du Page County entered judgment for the plaintiffs, finding that the County's zoning ordinance was void as applied to their property and enjoining the County from enforcing its ordinance so as to prevent the proposed use. The County has appealed.

From the evidence it appears that the plaintiffs' property is a block of land with a frontage of approximately 665 feet on both Fairfield Avenue and Sixteenth Street. It is improved with just two single-family homes

and some sheds or garages. A single-family subdivision lies directly north of the plaintiffs' property. Farther north there are commercial uses along Roosevelt Road. Northeast of the plaintiffs' property there are two more single-family subdivisions. To the east, past Montini High School, there is a nonconforming use, consisting of a parking lot and a structure for the storage of garbage trucks. Southeast, south, and southwest of the plaintiffs' property there are additional single-family subdivisions. A large number of single-family residences are located west of the grade school which is immediately west of the plaintiffs' property. Northwest of their property is an eight-acre tract zoned for multiple-family use but improved with only two single-family homes. North of that is a vacant parcel, then a sewage treatment facility, then another multiple-family area which is vacant.

Witnesses for the plaintiffs and witnesses for the County agreed that the character of the area is single-family residential. Almost all the surrounding area is developed, and witnesses for both sides testified that there are no multiple-family uses in the area nearby. The zoning of this area is entirely single-family, except immediately north and south of the sewage treatment facility. The trend of development has been single-family, according to witnesses for the County, although a witness for the plaintiffs testified that there have not been any recent subdivisions or construction of single-family homes in the area.

The multiple-housing development which the plaintiffs wish to construct would consist of 60 one-bedroom and 90 two-bedroom units in 1½-story and 2½-story buildings. The density which would result from construction of the proposed 150 units on the plaintiffs' 10.24 acres of land would be 14.65 dwelling units per acre. It appears that only 3.5 units per acre are permitted under single-family residential zoning regulations presently applicable to the property. There is testimony from a witness for the plaintiffs that the proposed development would be an appropriate use between the two open spaces in which the schools are situated, but there is also testimony from a witness for the County that the size of the plaintiffs' tract would be inadequate for the number of dwelling units proposed.

There is testimony that the highest and best use of the plaintiffs' property is for a multiple-family development as planned, but, in opposition, there is testimony that the highest and best use of the property is for single-family detached residences. There is testimony that the property would be more valuable, and its owners would realize a greater return, if multiple-family housing were allowed; but there is no evidence establishing the value of the property as presently zoned and the value it would have if multiple-family use were permitted, from which the degree

of hardship caused to the owners by the single-family restrictions could be determined, and there is testimony from a witness for each side that the property could be used for from 28 to 30 building sites under present zoning.

There is much testimony relating to the run-off of surface water to the northeast and the flooding of nearby residential property at times when there are exceptional rains; but there is, on the other hand, testimony indicating that there might be just as great an increase in the run-off if 30 single-family homes were constructed on the plaintiffs' property, with garages, driveways, and patios, as there would be if the proposed multiple-family development were constructed. There is testimony that the proposed development would not alter the character of the neighborhood or cause any depreciation to other property nearby, the closest homes being positioned so as to face away from the plaintiffs' property; but there is testimony, also, that more traffic would be generated, creating a hazard to school children and causing an increase in the number of collisions.

The plaintiffs take the position that there has been a trend in the general area away from single-family use, as indicated by the two large schools near their property and other uses some distance away; that the proposed multiple-family units would not depreciate surrounding property, and continuance of the present single-family restrictions would not confer any benefit on the general public to offset the hardship on the plaintiffs; that the proposed use is reasonable because it follows the trend in the general area and is the highest and best use for the property according to the plaintiffs' witnesses; and that the trial court's judgment in favor of the plaintiffs is supported by the manifest weight of the evidence and so should be sustained. The County takes the position that the character and uses of land in the immediate neighborhood are predominantly single-family residential; that the plaintiffs have failed to prove, by clear and convincing evidence, that the present zoning restrictions are unreasonable and that their proposed high-density use is reasonable in that particular location; and that where the evidence shows at most only a legitimate difference of opinion as to the reasonableness of the zoning ordinance, the decision of the legislative body should not be disturbed.

■■ A number of factors have been said by the Illinois Supreme Court to merit consideration in passing on the validity of a zoning ordinance as applied to a particular piece of property. (See *La Salle National Bank v. County of Cook*, 12 Ill.2d 40, 46-47.) Of paramount importance, the Supreme Court has told us, is whether that property is zoned in conformity with the uses and zoning of nearby property. (*Sutter v. Village of*

*Mundelein,* 27 Ill.2d 589, 592-93; *River Forest State Bank & Trust Co. v. Village of Maywood,* 23 Ill.2d 560, 563.) Furthermore, there is a presumption in favor of the validity of a zoning ordinance (*Bennett v. City of Chicago,* 24 Ill.2d 270, 273), which can be overcome only by clear and convincing evidence that the ordinance, as applied to specific property, is unreasonable and has no substantial relation to the public health, safety, or welfare. (*La Salle National Bank v. City of Evanston,* 57 Ill.2d 415, 428.) To establish that zoning restrictions impose hardship upon an individual property owner and diminish or destroy property values, the evidence should show the value of the property with and without the restrictions so as to fix the amount of financial loss occasioned. (*Cosmopolitan National Bank v. City of Chicago,* 22 Ill.2d 367, 374-75.) In the event that the evidence accommodates a legitimate difference of opinion as to the reasonableness of the ordinance, the legislative judgment must prevail. *Standard State Bank v. Village of Oak Lawn,* 29 Ill.2d 465, 471; *Anderson v. City of Geneva,* 28 Ill.App.3d 468, 472.

■■ In this case it is established by the testimony of witnesses for both sides that the zoning and the uses of nearby property are single-family residential. A trend away from single-family and toward multiple-family or commercial uses does not appear in the immediate vicinity. In our opinion the evidence does not show that the present single-family zoning of the plaintiff's property, which excludes a high-density land use from an area between two schools, is clearly unreasonable and without any substantial relation to the public health, safety, and welfare, in view of the testimony as to hazards to children and traffic problems. Furthermore, the evidence does not show, in our opinion, that the zoning ordinance as applied to the plaintiff's property is an unconstitutional taking or destruction of property values as alleged, there being no proof as to what amount of monetary loss was actually caused to the plaintiffs by the zoning restrictions. We believe the presumption of the ordinance's validity has not been overcome by clear and convincing evidence, and the most that can be said for the plaintiffs' case is that it presents a debatable question as to the reasonableness of zoning restrictions which keep a multiple-housing development from arising between two schools in a single-family area. We therefore decide that it was error for the trial court to hold the ordinance invalid as applied to the plaintiffs' property. Accordingly the judgment of the Circuit Court of Du Page County is reversed.

Judgment reversed.

RECHENMACHER, P. J., and T. MORAN, J., concur.