(No. 36507.—

RIVER FOREST STATE BANK AND TRUST COMPANY *et al.,* Appellants, *vs.* THE VILLAGE OF MAYWOOD *et al.,* Appellees.

*Opinion filed January 23, 1962.*

JEROME MARVIN KAPLAN, of Chicago, (GEORGE B. COLLINS, of Chicago, and JOSEPH C. FITZGERALD, of Joliet, of counsel,) for appellants.

LOUIS ANCEL, of Chicago, (JACK M. SIEGEL, of counsel,) for appellees.

Mr. JUSTICE KLINGBIEL delivered the opinion of the court:

The plaintiff property owner appeals from a declaratory judgment of the superior court of Cook County holding a zoning ordinance of the village of Maywood valid in its application to the property.

The subject property consists of a vacant lot on the southwest corner of the intersection of First Avenue and Washington Boulevard. It has a frontage of 159 feet north and south on First Avenue and 125 feet east and west on Washington Boulevard. It is zoned for single-family residence use and has been so zoned since 1922. Plaintiff desires to use the property for a filling station, a use not permitted under its present classification. The proposed structure would be a Clark Oil station at which no repair work would be done.

Both First Avenue and Washington Boulevard are heavily traveled. First Avenue connects with the Congress Street Expressway several blocks to the south of the subject property. The neighborhood is essentially residential in character, although the intersection itself has other uses. The block across Washington Boulevard running from First Avenue west has been rezoned to permit construction of a nursing home on the east half and a Masonic temple on the west, neither of which have yet been built. Diagonally across from the subject property, on the northeast corner, is a forest preserve. To the east of the property, across First Avenue, there is the baseball field of the township high school. A nonconforming two-family residence is situated directly south of the subject property, beyond

which are other residences for two blocks. The area west of the property is zoned and used for single-family purposes for a distance of two and one-half blocks. Gasoline stations are located four blocks away to the south and also four blocks to the west.

The case was heard on stipulation, exhibits and the testimony of two witnesses for defendants. From the stipulation it appears that there has been no new construction of residential property on First Avenue in the past 30 years, that the properties along the street are residential in nature, "having been built in the 1920s before heavy traffic came about," and that if called as a witness a certain expert real-estate appraiser would testify that in his opinion the highest and best use to which the subject property could be put is for commercial purposes with a service station of the Clark Oil type and that such use of it would have no effect on the value of other property in the vicinity. On behalf of the village its building commissioner testified that the general character of the surrounding area is single-family, taking into consideration six blocks to the north, two blocks to the south, and four blocks to the west, and that the area is suitable for single-family residential use. The subject property is worth $11,500 under a residential classification and $32,500 if available for commercial use.

Plaintiff contends that this substantial decrease in value results from a classification bearing no substantial relation to the public welfare. Where such is the case it is well established that the ordinance will be declared void in its application to the property. (*Atkins* v. *County of Cook,* 18 Ill.2d 287; *Myers* v. *City of Elmhurst,* 12 Ill.2d 537; *La Salle Nat. Bank of Chicago* v. *County of Cook,* 12 Ill.2d 40; *Krom* v. *City of Elmhurst,* 8 Ill.2d 104.) Whether the classification bears a substantial relation to the public welfare depends upon a number of factors, recently referred to in *Hartung* v. *Village of Skokie,* 22 Ill.2d 485. Among

them are the character of the neighborhood and the suitability of the property for the zoned purposes.

The property in the case at bar is situated on a busy intersection, and there is little doubt that the heavy traffic affects its desirability for residential use, at the same time enhancing its value for commercial purposes. It may also be inferred, from the stipulation, that the values of nearby residences would not be substantially affected by the proposed use. But these considerations are not determinative under the circumstances shown by the present record.

This court has always considered of paramount importance the question whether the subject property is zoned in conformity with surrounding existing uses and whether those uses are uniform and established. (*Wehrmeister v. County of Du Page*, 10 Ill.2d 604.) There can be little doubt here that the surrounding area is predominantly residential in character, that this has been its long-established classification and use, and that the subject property is not inappropriate for such use. This, we think, is sufficient to sustain the restriction. The fact that the plaintiff's property might be worth more if a more intensive use were permitted is true in nearly every case where the use of private property is restricted by zoning laws and is not of itself sufficient to invalidate the ordinance. *Jacobson v. City of Evanston*, 10 Ill.2d 61; *People ex rel. Alco Deree Co. v. City of Chicago*, 2 Ill.2d 350.

The trial court here found that the ordinance is reasonable in its application to plaintiff's property, that the classification bears a substantial relation to the public welfare. Upon examining the record we are satisfied that this finding is supported by the evidence. The judgment is therefore affirmed.

*Judgment affirmed.*