(No. 36672.—

AMALIA BENNETT, Appellee, *vs.* THE CITY OF CHICAGO, Appellant.

*Opinion filed March 23, 1962.*

JOHN C. MELANIPHY, Corporation Counsel, of Chicago, (SYDNEY R. DREBIN and ALLEN HARTMAN, Assistant Corporation Counsel, of counsel,) for appellant.

IMMENHAUSEN & LIFFSHIN, of Chicago, (CHARLES D. SNEWIND, of counsel,) for appellee.

Mr. JUSTICE HOUSE delivered the opinion of the court:

This is an appeal from a declaratory decree holding the Chicago zoning ordinance void as applied to plaintiff's property. The trial court certified that the validity of an ordinance is involved and that the public interest requires direct appeal.

The subject property consists of three vacant lots with a frontage on Irving Park Road of 79.4 feet and extending north 125 feet along Pittsburgh Avenue to an alley. It is an R-2 residential district, which zoning classification permits one-family detached dwellings only. Intensity of use is limited to 5000 square feet per unit, reducible under certain circumstances, but one residence is permitted on each of these lots under the use and bulk regulations of the zoning ordinance. Plaintiff proposes to construct 2 two-story brick buildings, each to contain 3 four-room and 2 three-room apartments, together with parking space for

eight automobiles. The city refused to grant building permits after having twice refused to amend the zoning ordinance.

The block in which plaintiff's lots are located lies at the southeast corner of a rectangular area consisting of 2 blocks north and south by 4 blocks east and west. The lots in the south 125 feet of the south 4 blocks face on Irving Park Road and run north approximately 125 feet to an alley. The lots in the remainder of the area run east and west. Plaintiff's lots are on the west end of the south portion of her block. The remaining six lots to the east, together with the other 18 lots in the block, are all occupied by single-family residences. The south tier of lots in the next block west contains vacant lots and commercial buildings, and those in the following 2 blocks to the west are built up for commercial, flat and apartment purposes. The south lots of these last 2 blocks are zoned B4-1, general service districts, while the entire remainder of the rectangular area is zoned R-2. A forest preserve lies to the north and west and a cemetery lies to the east of the area.

A 32-block area south of Irving Park Road is zoned R-2 and is predominantly occupied by single-family dwellings, except for the first tier of lots fronting on that road. The lots across the street from plaintiff's block and the next block to the west are largely for commercial use and the two blocks next west are largely devoted to apartment buildings.

The factors which may be taken into consideration in determining the validity of a zoning ordinance have been often summarized and do not require repetition. (See *La Salle National Bank of Chicago* v. *County of Cook*, 12 Ill.2d 40, 46-47; *Myers* v. *City of Elmhurst*, 12 Ill.2d 537, 543, 544.) We will apply those which seem significant here.

The existing use in plaintiff's block is exclusively single-family dwellings, 24 in number, and conforms to the zoning classification. The suitability of her lots for the zoned pur-

pose is attested by the fact that the entire remainder of the block has been fully developed with single-family residences, including the six adjoining recently built residences which front on Irving Park Road. The entire area to the north and west is similarly developed and zoned. While the narrow strips off the south side of the 3 blocks to the west are devoted to commercial and multiple-dwelling purposes, plaintiff's lots partake of the character of the block of which they are a part. This residential character is not changed by the zoning classification and use of the narrow strip of lots across Irving Park Road, a thoroughfare 100 feet wide. Zoning must begin and end somewhere, and we have recognized that streets may form an appropriate boundary for zoning districts. *Mundelein Estates, Inc.* v. *Village of Mundelein,* 409 Ill. 291; *Liberty National Bank of Chicago* v. *City of Chicago,* 10 Ill.2d 137.

Plaintiff purchased the lots for $16,800 in 1928. She called two valuation witnesses. Although their testimony was confused, particularly in computations, we gather that one fixed the value as presently zoned at $125 to $150 a front foot and at $250 if the contemplated use be permitted. The other fixed the values at $5000 and $7500 to $8000 per lot, respectively. It is evident that plaintiff's lots will be of somewhat greater value without the restrictions, but that is usually the case. (*Bolger* v. *Village of Mount Prospect,* 10 Ill.2d 596.) Defendant's witnesses, without attempting to fix a dollar loss, testified that neighboring property would be depreciated. Plaintiff seems to infer that, since enforcement of the restrictions diminishes her value, it is incumbent upon the city to show the extent by which the health, safety, morals or general welfare is enhanced by maintaining the restriction. This overlooks the burden upon one questioning the validity of an ordinance.

A presumption exists in favor of the validity of a zoning ordinance and the one who attacks such an ordinance has the burden of overcoming the presumption by proving with

clear and convincing evidence that, as applied to him, it is arbitrary and unreasonable and is without substantial relation to the public health, morals, safety and welfare. (*La Salle National Bank of Chicago* v. *County of Cook,* 12 Ill.2d 40; *Atkins* v. *County of Cook,* 18 Ill.2d 287.) We are of the opinion that plaintiff has not met the burden.

There is no evidence tending to show that the lots are unsuitable for single-family use, or that their R-2 zoning was arbitrary. On the contrary, the very fact that every other lot in the block has been so improved is indicative of the correctness of the zoning classification. Plaintiff's lots and those adjoining have been reclassified from time to time, each change being more restrictive. They now conform to the uses for which the block has been developed.

We are of the opinion that it was error to hold the zoning ordinance invalid as applied to plaintiff's property, and accordingly the decree of the circuit court of Cook County is reversed.

*Decree reversed.*