(No. 37532.—

Luwinea Ryan, Appellee, *vs.* The County of Du Page, Appellant.—(The City of Elmhurst, Intervenor-Appellant.)

*Opinion filed May 27, 1963.*

William J. Bauer, State's Attorney, of Wheaton, and George Billett, of Elmhurst, (Anthony M. Peccarelli, Assistant State's Attorney, and Edward J. Vertovec, of counsel,) for appellants.

Thomas H. Price, of Elmhurst, for appellee.

Mr. Justice House delivered the opinion of the court:

The county of Du Page, joined by the city of Elmhurst as intervenor, appeals from a decree declaring the county's zoning ordinance unconstitutional and void as applied to plaintiff's tract.

The subject property is a one-acre tract lying at the northwest corner of the intersection of North Avenue (Route 64) on the south, and West avenue on the east. It is in an unincorporated subdivision in Du Page County which is contiguous to, and directly west of, the city of

Elmhurst. It was purchased by plaintiff in 1925 and has been vacant at all times since. Martin Oil Service Company has contracted to buy the tract for $50,000 provided it can construct a gasoline service station, a permitted use in a B-4 zoning district. A plot plan of the proposed service station indicates that the north 30 feet would be left unimproved and in its natural state.

The remainder of the 1000-foot-long block to the north of the property and the two blocks to the west are zoned R-3 (single family residential) and have been so developed. The fourth block to the west is also zoned R-3 with the exception of the south tier of lots fronting on North Avenue. In the city of Elmhurst to the east the entire area is zoned and developed residential on both sides of North Avenue, except the first tier of lots south fronting on West Avenue, the northernmost being occupied by a gasoline service station and the others for commercial purposes. On the south side of North Avenue west of West Avenue the lots to a depth of 1½ lots are zoned B-4 and developed to commercial use.

Plaintiff's witnesses placed the value of the tract at $5000 as presently zoned and from $40,000 to $45,000 if zoned commercial. Defendant's expert placed values between $7000-$12,000, and $40,000 respectively. Although there was a disparity of opinion as to the extent of depreciation to surrounding properties, the witnesses were in agreement that there would be some depreciation in values.

Plaintiff asserts that under the facts presented the restrictive zoning classification is without any substantial relation to the public welfare, that her property takes its commercial character from the south side of North Avenue and the area several blocks west, and that the zoning imposes undue hardship upon her.

On the facts, this case is strikingly similar to *Bennett v. City of Chicago*, 24 Ill.2d 270. There, as here, the area north of a heavy traffic street (Irving Park Road) was

zoned and had been developed for residential purposes while on the south side of the street the development was commercial. It was held that the property was characterized by the residential zoning and development on the north side of the street rather than the commercial and high density development to the south. We are of the opinion that plaintiff's property takes its residential character from the area to the west, north and east and that it is zoned in conformity with surrounding existing uses, a factor of paramount importance. *Wehrmeister* v. *County of Du Page*, 10 Ill.2d 604; *River Forest State Bank and Trust Co.* v. *Village of Maywood*, 23 Ill.2d 560.

There is a substantial difference in the value of the tract depending upon the zoning classification, but as we have repeatedly pointed out that is usually true and is not in itself decisive. (*Bolger* v. *Village of Mount Prospect*, 10 Ill.2d 596; *Gregory* v. *City of Wheaton*, 23 Ill.2d 402 ) The evidence is neither clear nor convincing that the property cannot be sold for residential purposes. Plaintiff testified that she made efforts to sell and prospective purchasers were not interested when they learned of the zoning classification. She did not list the property for sale but her efforts to sell were by word of mouth, nor did she testify as to the extent of her efforts or the amount of any offer other than that of Martin.

It is admitted that there will be some loss in value of surrounding property if the proposed use is permitted. In our opinion, the zoning restriction bears a substantial relation to the public health, safety, morals, comfort or general welfare, and is not an arbitrary exercise of the police power.

Plaintiff failed to overcome the presumption of validity of the zoning ordinance, and the decree of the circuit court of Du Page County is therefore reversed.

*Decree reversed.*