Thaddeus A. Kellett and Della Kellett, His Wife, and
Robert B. Smyth and Wilda E. Smyth, His Wife,
Plaintiffs-Appellants, v. The County of Du Page,
Defendant-Appellee.

Gen. No. 67–88.

Second District.

December 7, 1967.

Leonard Bosgraf, of Chicago, for appellant.

William V. Hopf, State's Attorney of Du Page County, of Wheaton, and Kevin P. Connelly, Assistant State's Attorney, for appellee.

MR. PRESIDING JUSTICE DAVIS delivered the opinion of the court.

This is an appeal by the plaintiffs from an adverse ruling by the trial court, after a bench trial, on their complaint for declaratory judgment, which sought to have the defendant's zoning ordinance declared invalid as applied to their property.

The plaintiffs' property, which is located in an unincorporated area of Du Page County, is presently zoned for single-family residence, but is used as a real estate office—a nonconforming use. The office is a frame structure with living quarters in the rear. Immediately to the north, across 55th Street—a four-lane heavily traveled thoroughfare—is the Village of Clarendon Hills. The subject property is bounded on the north by 55th Street, with a frontage of 264 feet; on the west by Alabama Avenue, with a frontage of 147 feet; on the east by Clarendon Hills Road, with a similar frontage; and on the south by property zoned single-family residential.

Fifty-fifth Street is a four-lane county highway carrying approximately 8,500 vehicles per day. Alabama and

Clarendon Hills Road both dead-end into 55th Street, with stop signs controlling access to 55th Street. Alabama Avenue is a lightly traveled residential street. Clarendon Hills Road carries approximately 1,750 vehicles daily, and the plaintiffs contend that it is a major north-south thoroughfare. While it extends some distance to the south, it is without center line, curbs or developed shoulders. It dead-ends at the northeast corner of the subject property and it runs parallel to, but several blocks west of Route 83—a truly major north-south artery. From the evidence, it would appear that Clarendon Hills Road is neither a seldom traveled residential street, nor a major thoroughfare.

Directly to the north in the Village of Clarendon Hills, and on the north side of 55th Street, the property is devoted entirely to single-family residences. In the one block area north of 55th Street, on Walker Street—which dead-ends directly across from the subject property—there are 16 residences. Within the same block as the subject property and directly to the south of it, there are 8 residences. Across Alabama Avenue, in the adjacent block to the west, are 4 additional residences. Across Clarendon Hills Road, in the block to the east, are 3 additional residences. Further south and west are additional single-family residences, and to the south and east are single-family residences and 2-flat apartment buildings.

Directly across Clarendon Hills Road to the east of the subject property and on 55th Street, is a large improved parcel of land used as a tavern and beer garden which, like the subject property, is a nonconforming use. Also, approximately four blocks to the west of the subject property and on 55th Street, another tavern is located, which use is also nonconforming. There is a Jewel-Osco shopping center on 55th Street approximately three blocks east of the subject property. This is not a non-

conforming use, but it is next to a large cloverleaf providing access to Route 83.

Thus, the subject property is located in about the center of an area west of Route 83 which extends along 55th Street for a distance of approximately one and one-half miles. There are four commercial uses in this area. One is properly zoned, the Osco-Jewel Center—and it adjoins the cloverleaf—, and the other three, including the subject property, are nonconforming uses—two taverns and a real estate office. The balance of 55th Street in this area is developed single-family, with approximately fifty residences along this mile and one-half.

Plaintiffs' expert witnesses testified that the subject property, as presently zoned, was worth approximately $12,000 to $14,000. They characterized plaintiffs' proposed use of the subject property as a neighborhood convenience center. It would include a gas station, which would be located on the east end of the property along 55th Street and Clarendon Hills Road, and would take up approximately the east 140 feet of the 246 feet fronting on 55th Street. The balance would be a one-story retail store building. The main tenant would be a Convenient Food Mart; the other units would include a beauty shop, a dry cleaner and either an insurance office, barbershop or carry-out food shop. The Convenient Food Mart would be open seven days a week from 9:00 a. m., until midnight.

Plaintiffs' expert witnesses testified that the highest and best use of the subject property was as a neighborhood convenience center as planned, and that the value of the property for the proposed use was between $105,000 and $110,000. However, there was admitted in evidence, the plaintiffs' contract for the sale of this property in the total sum of $54,500, subject to obtaining the zoning in question. These witnesses also testified that the proposed use would have no adverse effect on the neighboring

properties. Several of the neighbors testified that they were of the opinion that the proposed use would have an adverse effect on the value of their properties.

A presumption exists in favor of the validity of the existing zoning ordinance, and to overcome this presumption the plaintiffs must establish by clear and convincing evidence that, as applied to their property, the ordinance is arbitrary and unreasonable and without substantial relation to the public health, safety, comfort, morals or general welfare. Bennett v. City of Chicago, 24 Ill2d 270, 273, 274, 181 NE2d 96 (1962) ; Padgett v. City of Oakbrook Terrace, 89 Ill App2d 244, 231 NE2d 466 (1967) ; Mutz v. Village of Villa Park, 83 Ill App2d 1, 8, 9, 226 NE2d 644 (1967). Within these limits, the fixing of zoning lines is a matter of legislative discretion. Thus, the party challenging the validity of the ordinance has the burden of proving by clear and convincing evidence that the City has abused its legislative discretion in classifying the subject property in a given manner. Such proof must establish not merely that the property *could* reasonably be classified as plaintiffs wish, nor indeed that the court *would* classify it otherwise. The plaintiffs must establish that the legislative decision as to the property is "clearly unreasonable" in order to show an abuse of discretion. Jans v. City of Evanston, 52 Ill App2d 61, 68, 201 NE2d 663 (1964).

The various factors which are relevant to the determination of the validity of a zoning ordinance as applied to specific property are well known. See: Myers v. City of Elmhurst, 12 Ill2d 537, 543, 544, 147 NE2d 300 (1958) ; La Salle Nat. Bank v. County of Cook, 12 Ill 2d 40, 46, 47, 145 NE2d 65 (1957) ; Hoffmann v. City of Waukegan, 51 Ill App2d 241, 244, 201 NE2d 177 (1964). While no single factor is determinative of the issue, and the decision in each case must depend on the sum total of the particular facts of that case (First Nat. Bank v. County of Cook, 15 Ill2d 26, 31, 153 NE2d 545 (1958);

Fiore v. City of Highland Park, 76 Ill App2d 62, 73, 221 NE2d 323 (1966)), existing uses and zoning classifications of nearby property are of paramount importance. Ryan v. County of DuPage, 28 Ill2d 196, 198, 190 NE2d 737 (1963) ; LaSalle Nat. Bank v. Village of Lombard, 64 Ill App2d 211, 215, 212 NE2d 321 (1965). Clearly, the surrounding area is predominantly residential. In the mile and one-half along 55th Street, of which the subject property is approximately in the center, it is entirely residential on both sides with the exception of Jewel-Osco —grocer-drugstore center—approximately 1,000 feet east of the subject property and adjacent to a cloverleaf connecting with Route 83, and with the further exception of three nonconforming uses, of which the subject property is one. It is also residential to the north and south. The balance of the block in which the property is located is single-family residential. The character of the neighborhood obviously is residential. Neither the nonconforming use of the subject property, nor the nonconforming use across the street for a tavern, alter the residential character. Some commercial use near or even adjoining the property, does not alter the otherwise residential character of this property. De Bartolo v. Village of Oak Park, 396 Ill 404, 411, 71 NE2d 693 (1947) ; Jans v. City of Evanston, supra, 72.

██ Plaintiffs contend that the traffic on 55th Street and Clarendon Hills Road is a further reason why the existing zoning is unreasonable. Fifty-fifth Street is a heavily traveled thoroughfare, but the fact that property is situated on a heavily traveled street does not render invalid a single-family zoning classification of such property. River Forest Bank & Trust Co. v. Maywood, 23 Ill 2d 560, 563, 179 NE2d 671 (1962) ; Wehrmeister v. County of Du Page, 10 Ill2d 604, 609, 141 NE2d 26 (1957); LaSalle Nat. Bank v. Village of Lombard, supra, 216; Jans v. City of Evanston, supra.

██ ██ The fact that the subject property fronts on 55th Street and also adjoins the nonconforming tavern use across the street, may make it less desirable for residential use than other neighboring properties, but this does not render the zoning ordinance confiscatory. Bolger v. Village of Mount Prospect, 10 Ill2d 596, 602, 141 NE2d 22 (1957) ; Wehrmeister v. County of Du Page, supra. We would agree that the highest and best use for the land in question is not single-family residential and that plaintiffs' land would be substantially more valuable if they were permitted the use they sought. However, as we have often stated, this is usually the case and this fact alone is not sufficient to invalidate an existing zoning ordinance. Elmer Clavey, Inc. v. City of Highland Park, 75 Ill App2d 464, 470, 220 NE2d 93 (1966) ; Hoffmann v. City of Waukegan, supra, 245.

██ ██ The defendant County rezoned the entire area in the 1950's, reserving the entire area for residential development. Plaintiffs acquired the property with knowledge of the existing zoning. While this does not preclude them from later asserting the invalidity of such zoning, it is a factor to be considered, especially where, as here, the acquisition was relatively recent to the time the zoning change was sought. Bolger v. Village of Mount Prospect, supra, 602; Mutz v. Village of Villa Park, supra, 10.

The purpose of the zoning ordinance was to reserve this area as residential in character. There have been no inroads upon this character nor commercial trends as plaintiffs contend, other than the one grocery-drugstore center which, by reason of its location, does not impress us as an important factor in this case. The use of the surrounding land as well as the value placed on the property under present zoning, suggests that it is not unsuitable for such use, and the record contains testimony to this effect. The fact that the surrounding land in the unincorporated area has not developed as quickly for residen-

444

tial purposes as the land to the north within the Village of Clarendon Hills, does not justify our setting aside the zoning ordinance as unreasonable. The county has not provided the sewer and water services necessary to achieve the faster growth. The development that has taken place, however, has been consistent. It has developed along residential lines, and we see no valid reason to upset the type of orderly development sought by the zoning ordinance.

We cannot agree that the proposed use would have no adverse effect on the surrounding property. Rather, we find more plausible the testimony of the surrounding landowners that it would have an adverse effect on the value of their property. It seems more likely to us that the presence of a gasoline service station and various stores, with at least one store which would be open seven days a week until midnight, along with the attendant noise, lights and traffic, would have an adverse effect on the value of the surrounding single-family residences.

██ ██ We do not believe that the evidence is clear and convincing that the zoning ordinance as applied to plaintiffs' land is unreasonable and arbitrary and bears no reasonable relation to the public health, safety and welfare. There is room for a legitimate difference of opinion concerning the reasonableness of the ordinance, and this being the case, the legislative judgment is conclusive. Mutz v. Village of Villa Park, supra, 11; Koplos v. City of Rockford, 62 Ill App2d 268, 273, 210 NE2d 629 (1965).

There is ample evidence to support the judgment of the trial court, and its judgment is, therefore, affirmed.

Judgment affirmed.

MORAN and ABRAHAMSON, JJ., concur.