Maria Menolascino, Plaintiff-Appellee, v. The Village of Franklin Park, a Municipal Corporation, Defendant-Appellant.

Gen. No. 52,732.

First District, Fourth Division.

March 5, 1969.

Norman E. Jackson, of Franklin Park, for appellant.

Nicholas T. Kitsos, of Chicago, for appellee.

MR. PRESIDING JUSTICE DRUCKER delivered the opinion of the court.

The defendant, Village of Franklin Park, appeals from a judgment declaring that its zoning ordinance is un-

constitutional as applied to plaintiff's property and from an order permitting plaintiff to construct a four-apartment building thereon.

In her amended complaint plaintiff alleged that she is the owner of vacant property consisting of 50 feet by 124 feet, 3⅝ inches on the northeast corner of Lincoln Street and Gage Avenue in the Village of Franklin Park; that the property is zoned "R–1 One-Family District"; that the property is best suited for a multiple apartment and that the present zoning is unconstitutional, invalid and void.

The evidence showed that plaintiff's property runs for 50 feet along Lincoln Street. That street is a state-controlled access highway and is paved but does not have curbs; the highway serves as a thoroughfare between Mannheim Road to the east and Franklin Street to the north. Along Lincoln Street to the north for 400 feet there are eight homes on the east side and seven on the west; the remainder of the block to Franklin Avenue is light industrial. To the south there are single family houses for four blocks to Chestnut Street; and to the east along Gage Avenue there are single-family dwellings for seven blocks. To the west directly across the street from the subject property are single-family dwellings; immediately to the west of these and across a back alley are commercial and industrial developments which front on Mannheim Road (the next street to the west of Lincoln Street). Mannheim Road is zoned commercial and industrial. The closest apartment building to the subject property is located at Chestnut Street and Lincoln Avenue about one-half mile to the south.

Michael Menolascino testified that he is the son of plaintiff; that he handles his mother's affairs; that Exhibit 10 portrays an eight-unit building; that it could be redesigned for only four or six units; that he has had no success in selling the property for residences or for a multiple but would build a multiple himself; that

if he cannot build a multiple of the type shown by Exhibit 10 the property will remain vacant.

Two of plaintiff's witnesses testified that the subject property would have a value of $5,000 for single-family purpose, that the best use of the property would be for a two-story apartment dwelling as shown by Exhibit 10, that such a building would not depreciate values but would upgrade the neighborhood. Defendant's witness values the property at $7,000 for single-family purposes and at $10,000 for a four-flat apartment. Defendant's witness testified that the highest and best use of the property would be single-family residential for which it was zoned because that would be compatible with the surrounding neighborhood.

Robert Phillips, the Commissioner of Public Works for the Village of Franklin Park, testified on behalf of the defendant that under the ordinances of Franklin Park an eight-apartment building would not be permitted; that there are other areas in the Village where there is multiple zoning with multiple dwellings surrounded by residential.

■ ■ A party challenging the validity of a zoning ordinance has the burden of proving by clear and convincing evidence that the city has abused its legislative discretion in classifying property in a certain manner. The proof must establish not merely that the property could reasonably be classified otherwise nor that the court would classify it otherwise; rather it must show that legislative decision as to the property is clearly unreasonable. Jans v. City of Evanston, 52 Ill App2d 61, 67–68, 201 NE2d 663; Exchange Nat. Bank of Chicago v. Cook County, 25 Ill2d 434, 441, 185 NE2d 250; Bennett v. City of Chicago, 24 Ill2d 270, 273, 181 NE2d 96. Where there is room for legitimate difference of opinion concerning the reasonableness of a particular zoning ordinance, the finding of the legislative body will not be disturbed. Wesemann v. Village of La Grange

Park, 407 Ill 81, 88, 94 NE2d 904; Jacobson v. Village of Wilmette, 403 Ill 250, 85 NE2d 753.

In order to meet this burden plaintiff argued below that the proximity of her property to the commercial and industrial uses on Mannheim Road and Franklin Street, the heavy use made of Lincoln Street by large, noisy commercial vehicles, the disparity in value of the subject property under different zoning classifications, and the existence of another apartment building within one-half mile of the subject property combined to make the "R–1" classification unreasonable.

█ The proximity of the subject property to a commercial zone does not render the limitations placed on the subject property unreasonable or invalid. Wesemann v. Village of La Grange Park, 407 Ill 81, 89, 94 NE2d 904; DeBartolo v. Village of Oak Park, 396 Ill 404, 71 NE2d 693. Nor is a zoning classification rendered invalid by the location of the subject property on a heavily traveled street. Cosmopolitan Nat. Bank of Chicago v. Village of Mt. Prospect, 22 Ill2d 463, 177 NE2d 365; Elmhurst Nat. Bank v. City of Chicago, 22 Ill2d 396, 176 NE2d 771. Nor does the combination of proximity to a commercial zone and location on a heavily traveled thoroughfare render a classification unreasonable and invalid. Jans v. City of Evanston, 52 Ill App2d 61, 71–72, 201 NE2d 663.

█ Plaintiff also contends that the ordinance is unreasonable because her property would have a greater value under a different zone classification. But this also is not sufficient reason to set aside the judgment of the Village zoning authority concerning the nature of a neighborhood. Jacobson v. City of Evanston, 10 Ill2d 61, 68, 139 NE2d 205; First Nat. Bank of Lake Forest v. County of Lake, 7 Ill2d 213, 227, 130 NE2d 267.

█ Plaintiff finally contends that the judgment should not be disturbed because it is not against the manifest weight of the evidence. However, the very best that can be said of plaintiff's position is that a

legitimate dispute may exist as to the desirability of the zoning classification presently imposed upon her property. Under such circumstances the legislative judgment must prevail. Standard State Bank v. Village of Oak Lawn, 29 Ill2d 465, 471, 194 NE2d 201; LaSalle Nat. Bank v. City of Chicago, 68 Ill App2d 412, 415, 216 NE2d 224; Jans v. City of Evanston, 52 Ill App2d 61, 72–73, 201 NE2d 663.

The judgment of the Circuit Court is reversed.

Reversed.

ENGLISH and STAMOS, JJ., concur.