Richard Duryea and Kathryn Duryea, His Wife, and Socony Mobil Oil Company, Inc., a Corporation, Plaintiffs-Appellees, v. The City of Rolling Meadows, a Municipal Corporation, Defendant-Appellant.

Gen. No. 53,017.

First District, Fourth Division.

January 21, 1970.

Donald M. Rose, Moriarty, Rose, Faccenda & Hultquist, of Chicago, for appellant.

Brown, Dashow, Langeluttig, Arons & Doran, of Chicago (Norman H. Arons, of counsel), for appellees.

MR. JUSTICE DRUCKER delivered the opinion of the court.

The defendant, City of Rolling Meadows, appeals from a judgment declaring that its zoning ordinance is unconstitutional as applied to plaintiffs' property and ordering the issuance of a permit for the construction of a gasoline service station on this property.

During the trial the judge summarily terminated the presentation of evidence by the defendant before it had rested. Plaintiffs have confessed error on this point and move this court to reverse and remand the cause for further proceedings. Defendant contends that the plaintiffs, having presented their case in full, failed to sustain the burden of overcoming the presumptive validity of its zoning ordinance. Defendant argues that an absolute reversal of the trial court's declaratory judgment order is required. We must determine whether the judgment order requires the cause to be reversed and remanded or whether an absolute reversal is warranted based upon the evidence presented.

In their complaint the plaintiffs, Richard and Kathryn Duryea, allege that they are the owners of three lots located at the northwest corner of Kirchoff and Wilke Roads in the City of Rolling Meadows and that the plaintiff, Socony Mobil Oil Company, Inc., has an interest in the subject property under a contract of purchase with the Duryeas. The complaint also alleges that the subject property is currently zoned R–2, single-family residence district, under the city's zoning ordinance of February 14, 1956. The subject property has a frontage of 223 feet, 1⅜ inches on Wilke Road and a frontage of 209 feet, 1 inch on Kirchoff Road with a total lot area of 30,163 square feet. The complaint further alleges that Kirchoff and Wilke Roads are well traveled arterial thoroughfares.

The complaint then sets forth plaintiffs' attempt to secure a change in the zoning to C–3, general service wholesale and motor vehicle district, before the Special Zoning Commission of Rolling Meadows and the Com-

mission's recommendation that the application be denied. This ruling was subsequently accepted by the City Council.

Plaintiffs having exhausted all administrative and local remedies filed this complaint seeking a declaratory judgment and other relief. The complaint alleged that plaintiffs have been deprived of their property without due process of law and without compensation, contrary to the provisions of the United States and Illinois constitutions and that the highest and best use of the subject property is for the development of an automobile service station.

Defendant's answer admits the zoning ordinance with the exception that the subject property is presently classified R–2 pursuant to the comprehensive zoning ordinance of 1964 but denies that the plaintiffs have been deprived of their property without due process of law and without compensation. The answer alleges that the highest and best use of the property is for the continuation of the present R–2 zoning.

Defendant's answer then sets forth its affirmative defense to the complaint. Defendant alleges that the subject property is completely surrounded by single-family residences and that any change in the R–2 zoning would constitute illegal "spot zoning." It also alleges that the subject property being less than one acre in area violates section 5, Minimum Areas for Zoning Districts of Article IV of the Comprehensive Zoning Ordinance of the City of Rolling Meadows of 1964, which provides that the minimum area for a C–3, general services, wholesale and motor district shall be four acres. Defendant further claims that the proposed use also violates Article XI, section 4, subsection 4.2–4, which provides that an automobile service station shall be not less than one acre. Finally, defendant alleges that the erection of the station violates section 12–261 of the city's Business and Occupation License and Permit Code which provides:

> No tank for the storage and handling of flammable liquids shall be installed within 200 feet of a school, hospital, church or theatre, or within one hundred fifty feet (150) of any residence or within two hundred and fifty (250) feet of any electrical distribution center.

Defendant alleges that the subject property is located within 150 feet of a residence and within 250 feet of an electrical distribution center.

No reply was filed by the plaintiffs to the affirmative defense.

Testimony of Alfred C. Stier, called by the plaintiffs:

He negotiated the purchase of the property in behalf of Mr. Duryea. However, Mr. Duryea is the nominee of Mobil Oil and the property is to revert back to Kimbell-Hill Homes, Inc., if the rezoning was unsuccessful. Payment of the $80,000 purchase price is contingent upon the property being rezoned. There are other gas stations within one-third of a mile from the subject property, but he did not know in which municipal jurisdiction each station was located. The subject property is surrounded by single-family homes with several new homes being constructed just east of the subject property.

Testimony of Edward Cahill, called by the plaintiffs:

He is a field engineer employed by the Mobil Oil Corporation. He described the type of station to be built on the property which would have a buffer zone between the adjoining residential homes. This zone would be either fenced in or landscaped. The service gas pumps would be approximately 120 feet from the north lot line. The construction of the station would comply with the applicable ordinances of the city.

Testimony of John McNamara, called by the plaintiffs:

He is a real estate broker and has been in the real estate business for 41 years. He knew that there were

other service stations in the area, with the nearest one being approximately one-half mile away, on the corner of Central and Wilke. Several of these stations were near or were surrounded by single-family homes. However, none of these particular stations are located in the City of Rolling Meadows; they are either located in Arlington Heights or the unincorporated areas of Cook County. Kirchoff and Wilke Roads are considered arterial roads, both being major thoroughfares.

The subject property would require a C–3 or M–2 zoning classification. A C–3 classification would be the same as the recently built Texaco station at Euclid and Hicks Roads in the City of Rolling Meadows. This Texaco station is surrounded by single-family homes to the south and west. The proposed service station on the subject property would be compatible with the uses to which the other service stations were put on their respective corners at major intersections.

In his opinion the value of the subject property under the present zoning was $15,000. If the property was developed under the proposed use the value would be $90,000. Since the property is located at the intersection of two main traffic arterial roads, there would be a great deal of sales resistance to single-family use. The highest and best use would be for a gasoline service station and its construction would not have any deleterious effect upon the surrounding area.

The only station surrounded by single-family homes in the city is two miles from the subject property in an area zoned M–1 industrial. Some of the homes directly adjoining this station were built before the station was constructed. Directly across from this station is a cloverleaf turn for Route 53 expressway traffic.

To his knowledge the subject property has never been offered for sale as single-family residential. He agreed that there is nothing surprising about the fact that the

subject property would be more valuable zoned for commercial use as against single-family use.

Testimony of Richard W. Manke, called by the defendant:

He is a real estate broker, appraiser, developer and builder. He has been so employed for 22 years. The entire intersection and neighborhood within a distance of one-half mile from the subject property is either currently being developed or is 100% developed as residential property. In his opinion the subject property takes its character from the surrounding properties which is 100% residential in use and zoning. The installation of a service station would have a deleterious effect upon the value of the surrounding property with an average depreciation of $19,000 to $20,000 on the adjoining residences.

He believes that the subject property could be developed for single-family residences, even with the electrical and water substations located on the property. These substations would have no depreciative effect upon the single-family residences.

The service station located at the corner of Central and Wilke Roads and the one located at Euclid and Wilke Roads are in the unincorporated areas of Cook County, while the station located at Campbell Street and Wilke Road is in Arlington Heights. As far as he knew no service station located within the City of Rolling Meadows has ever been built upon land zoned residential.

The Texaco station located at Euclid and Hicks was built within the last year (1966). The City issued a special use permit for its construction. There are single-family residences located directly behind this station. However, this property was zoned M–1 industrial at the time the permit was granted. In addition, there is a great deal of traffic generated by the cloverleaf turn to the expressway.

451

In his opinion the highest and best use for the subject property would be for a continuation of the current single-family residential zoning.

Testimony of Daniel Ferrone, called by the defendant:

He is a town planner and zoning consultant. In his opinion the construction of a gasoline service station on the subject property would not be compatible with the surrounding uses. A rezoning would constitute illegal spot zoning. The electrical and water substations are necessary for the community and are not incompatible with a single-family use. The subject property has always been zoned single-family residential and could easily be developed for single-family use. In his opinion the highest and best use would be for a continuation of the present single-family zoning district.

Opinion

■■ The defendant contends that the plaintiffs failed to overcome the presumptive validity of its zoning ordinance. A presumption exists in favor of the validity of a zoning ordinance and the one challenging its validity has the burden of overcoming this presumption by clear and convincing evidence. Standard State Bank v. Village of Oak Lawn, 29 Ill2d 465, 194 NE2d 201; Bennett v. City of Chicago, 24 Ill2d 270, 181 NE2d 96; LaSalle Nat. Bank v. Village of Palatine, 92 Ill App2d 327, 236 NE2d 1; and Menolascino v. Village of Franklin Park, 106 Ill App 2d 472, 246 NE2d 122. In order to meet this burden the plaintiffs tried to show the disparity in value of the subject property under the different zoning classifications, the heavy use made of Wilke and Kirchoff Roads by commercial vehicles, the proximity of their property to the commercial district in the center of the city, and the existence of other gasoline service stations, one within one-half mile of the subject property, and the city's granting of a special use permit for the construction of another service station. They argue that the combina-

tion of all these factors makes the defendant's single-family district classification unreasonable.

■ Plaintiffs' evidence shows that their property would have a much greater value if its proposed use was allowed. While the value of the subject property is a factor to be considered in determining the reasonableness of defendant's zoning ordinance, it is not of itself sufficient to invalidate the present single-family ordinance. River Forest State Bank & Trust Co. v. Village of Maywood, 23 Ill2d 560, 179 NE2d 671; Jacobson v. City of Evanston, 10 Ill2d 61, 139 NE2d 205; and First Nat. Bank of Lake Forest v. County of Lake, 7 Ill2d 213, 130 NE2d 267.

■ ■ Plaintiffs' evidence also shows that both Wilke and Kirchoff Roads are heavily traveled arterial thoroughfares. While this too is a factor to be considered in determining the reasonableness of defendant's ordinance, a single-family classification is not invalid simply because it fronts on heavily traveled streets. Cosmopolitan Nat. Bank of Chicago v. Village of Mt. Prospect, 22 Ill2d 463, 177 NE2d 365; Elmhurst Nat. Bank v. City of Chicago, 22 Ill2d 396, 176 NE2d 771; and Menolascino v. Village of Franklin Park, supra. Furthermore, the combination of proximity to a commercial zone, the city's shopping district, and location on a heavily traveled road, Kirchoff Road, does not render a classification unreasonable and invalid. Jans v. City of Evanston, 52 Ill App2d 61, 201 NE2d 663.

■ ■ Plaintiffs and defendant agree that a factor of paramount importance in determining the reasonableness of the city's zoning ordinance is whether or not the property is zoned in conformity with the surrounding existing zoning and uses. The plaintiffs' property is surrounded on all sides by single-family residences or vacant land zoned for residential use which is currently being developed. The service stations mentioned by plaintiffs' witnesses north and south on Wilke Road and

453

northwest on Kirchoff Road (the closest one being one-third to one-half mile away) are either located in the Village of Arlington Heights, the unincorporated areas of the county, or in areas zoned for commercial use by the defendant. Since 1956, and by subsequent amendment in 1964, the area surrounding the subject property has continuously been zoned R–2, single-family residential. No commercial use or intrusion has been allowed by the defendant in any district presently zoned for single-family use.

Plaintiffs' evidence does show that the defendant granted a special use permit for the construction of a Texaco service station approximately two miles from plaintiffs' property. This station is located at Euclid and Hicks Roads in a district originally zoned M–1 industrial and is directly across from a major cloverleaf turn to the expressway. Furthermore, the single-family residences adjoining this station were built with the knowledge that this property was zoned M–1 industrial. In the instant case the subject property has always been zoned for single-family use, and the surrounding property owners relied upon this fact when they bought and developed their property. We therefore must conclude that the present zoning is reasonable.

■ ■ Defendant urges that the rezoning sought by plaintiffs constituted "spot zoning." In Reskin v. City of Northlake, 55 Ill App2d 184, 189, 204 NE2d 600, this court found that two requisites must coexist to constitute "spot zoning":

> a change of zone applicable only to a small area, and a change which is out of harmony with comprehensive planning for the good of the community as a whole.

In the instant case a change in the present zoning of plaintiffs' property would only cover three lots as com-

pared to the entire surrounding single-family district, and it would permit the first encroachment of a commercial use into an otherwise solid and stable residential zone. Therefore, we believe that the effect of declaring defendant's residential zoning ordinance invalid as it applies to plaintiffs would constitute illegal "spot zoning."

The plaintiffs claim that the judgment should not be disturbed because it is not against the manifest weight of the evidence. In Menolascino v. Village of Franklin Park, supra, 476, the plaintiff argued this same issue, but the court concluded that:

> . . . the very best that can be said of plaintiff's position is that a legitimate dispute may exist as to the desirability of the zoning classification presently imposed upon her property. Under such circumstances the legislative judgment must prevail. Standard State Bank v. Village of Oak Lawn, 29 Ill2d 465, 471, 194 NE2d 201; LaSalle Nat. Bank v. City of Chicago, 68 Ill App2d 412, 415, 216 NE2d 224; Jans v. City of Evanston, 52 Ill App2d 61, 72–73, 201 NE2d 663.

In the instant case we find that the plaintiffs failed to overcome the presumptive validity of defendant's zoning ordinance and that the judgment was against the manifest weight of the evidence.

Defendant also points out that the judgment orders the issuance of a permit to construct the gasoline service station regardless of the fact that its construction would be in violation of other provisions of defendant's ordinances, e. g.: plaintiffs' property is less than one acre in size in violation of Article IV, section 5, of defendant's code; it is less than four acres in size in violation of Article XI, section 4, of the code; and the construction of the gasoline service station within 150 feet of a residence and within 250 feet of an electrical distribution center would

be in violation of defendant's Occupation License & Permit Code. There was no evidence that these provisions of the ordinances were unreasonable, arbitrary, discriminatory or unconstitutional.

The judgment is reversed.

Reversed.

STAMOS, P. J. and LEIGHTON, J., concur.